■ In the Matter of SHARI REALTY Co. v. MAX H. FOLEY et al.— Motions to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before December 11, 1962, with notice of argument for the January 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ SYLVIA NEEDLEMAN v. MANUFACTURERS HANOVER TRUST COMPANY et al. — Motion granted insofar as to extend the appellant's time to serve and file the record on appeal and appellant's points to and including December 11, 1962, with notice of argument for the January 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ NAT LEVINE, Appellant, v. FAL-BAR ARGENTINIAN CORNER RESTAURANT, INC., Respondent.— Order entered on July 17, 1962, granting defendant's motion to vacate a default judgment and to open its default in failing to answer the complaint, unanimously reversed on the law and the facts, with $20 costs and disbursements to appellant, and the motion denied. Defaults should be vacated only upon a demonstration of an adequate excuse and the factual showing of some meritorious defense. (*Benadon* v. *Antonio,* 10 A D 2d 40, 42; *Investment Corp. of Philadelphia* v. *Spector,* 12 A D 2d 911.) Here not only was there an unimpressive excuse offered, but the defendant failed to present any facts to indicate any meritorious defense. The action was to recover property damage claimed to have been sustained when a fire, allegedly caused by defendant's negligence, spread to plaintiff's premises in the same building. Since a period of about six months had passed from the time of the fire in January, 1962, and the making of defendant's motion to open the default, there was more than sufficient time for investigation of the facts and the presentation of some evidence indicating a defense to plaintiff's action. In the absence of such factual showing the default should not have been opened. Moreover, defendant did not even submit a proposed answer with its papers. Since we are reversing and denying the motion, it becomes unnecessary to comment on appellant's arguments directed to the failure of the order appealed from to provide any terms as a condition for opening the default. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.