■ ANNABELLE ABRAMS, Respondent, v CHARLES ABRAMS, Appellant.— Order of the Supreme Court, New York County, entered July 22, 1976, denying defendant's motion to vacate the default judgment entered on May 20, 1976 and for leave to interpose a proposed answer, unanimously affirmed, without costs and without disbursements. Although as a rule the courts favor the determination of controversies on the merits, it is an established rule that before a default judgment is vacated pursuant to CPLR 5015 (subd [a], par 1) there must be a showing that the default was excusable, and "the moving party must present an affidavit * * * that discloses a meritorious claim or defense". (5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.04; see, also, *Levine v Fal-Bar Argentinian Corner Rest.,* 18 AD2d 611.) It is apparent from the record that defendant was properly served with summons and complaint and defaulted in that he failed to answer within the time required. His six-week trip to China, from April 10 to May 24, 1976, did not excuse the default. Substituted service was made on March 31, 1976 and, as evidenced by his letter of that date, defendant knew about such service the same day. We do not agree with defendant that in view of the brevity of the default (less than a week) an affidavit of merits was not required. The submission of an affidavit of merits is not however, in and of itself, sufficient. As a condition precedent to the granting of the relief, the affidavit must show facts establishing the claimed meritorious defense. *(Fitzgerald Mfg. Co. v Alexander,* 200 App Div 164, app dsmd 234 NY 608; see, also, *Benadon v Antonio,* 10 AD2d 40, mod 10 AD2d 929.) Movant's affidavit attempts to establish meritorious defenses. He contends that on the basis of his recollection and figures the amount of alimony arrears sought by plaintiff is inaccurate, although he is "unable to fully and fairly state exactly * * * the amounts of diversion", that he has "reason to believe that [his] wife has cohabited as man and wife with another individual", although he is "unable to fully substantiate this matter without a complete investigation and due time to develop this theory" and that because of conversion (attempted sale) by plaintiff of art works in which, he asserts, they have an equal interest, he has a counterclaim and offset against the amounts due, "although [he] had not fully investigated this matter with [his] attorney at the time of the preparation of the answer but will not go into further detail concerning this defense". Movant's affidavit is patently indefinite, conjectural and conclusory, devoid of a sufficient factual basis to substantiate his contentions. By the very language of the affidavit, movant in effect concedes this deficiency. Accordingly, the denial of relief by Special Term was not an improvident exercise of discretion *(Matter of Miller,* 162 Misc 563, affd 252 App Div 872). If "conversion" of the art objects occurs, defendant may seek relief through the institution of an appropriate action. Concur—Stevens, P. J., Kupferman, Birns, Silverman and Markewich, JJ.