■ HILLDUN CORPORATION, Appellant, v SCARBORO TEXTILES, INC., Respondent, and CHEMICAL BANK, Respondent-Respondent.—Order, Supreme Court, New York County, entered September 7, 1978, granting defendant's cross motion to vacate a default judgment and denying plaintiff's motion for a turnover order against the nonappealing defendant Chemical Bank unanimously reversed, on the law and in the exercise of discretion, with costs and disbursements, defendant's cross motion to vacate denied, and plaintiff's motion for a turnover order granted. In this action to recover on an account receivable for goods delivered to defendant by plaintiff's assignor, jurisdiction was acquired by service under subdivision (b) of section 306 of the Business Corporation Law of a summons and complaint upon the Secretary of State. Defendant defaulted. When plaintiff, by special proceeding (CPLR 5225, subd [b]), sought to direct Chemical Bank to turn over funds of defendant on account with Chemical, defendant moved to open its default, claiming that it never received a copy of process. Under the statute service is complete when the Secretary of State is served. Noting that mistake or inadvertence by the Secretary of State in forwarding copies of process to a defendant is a proper ground for opening a default, Special Term granted relief conditioned upon plaintiff serving an answer within 20 days. "A defendant in default * * * must show that there is support in fact for his denials and defenses." (Investment Corp. of Phila. v Spector, 12 AD2d 911.) In addition, an affidavit to vacate should be accompanied by a proposed answer. (Levine v Fal-Bar Argentinian Corner Rest., 18 AD2d 611.) Aside from failing to submit a proposed answer, defendant did not provide any factual support in its affidavit for its arguments that "defendant owes the plaintiff no money, nor does defendant owe any monies to the plaintiff's alleged assignor", or for its claim that "the alleged assignor to the plaintiff is indebted to the defendant". The affidavit by defendant's president merely contained a denial of any obligations, and contained the conclusory state-

ment that "I have gone over the facts of this case with my * * * attorney and he has informed me, and I verily believe, that defendant has a good and meritorious defense to the plaintiff's suit." Without a factual showing of merit to its defenses, defendant's motion should not have been granted. We note that it is significant, in ascertaining the alleged merits of the defense, that defendant failed to dispute its indebtedness or respond when plaintiff sent it monthly invoices as to the status of the sums owed. That defendant first disclaimed the existence of a debt after demand had been made, judgment entered, and an attempt to enforce judgment commenced, presents a major obstacle to the credibility of an argument unaccompanied by factual support or documentation. Concur—Birns, J. P., Fein, Sullivan, Markewich and Lynch, JJ.