■ ELLIS P. EISENSTEIN, Appellant, v SYDNEY ROSE, Respondent.—Judgment, Supreme Court, New York County (David Edwards, Jr., J.), entered May 28, 1987, which granted defendant's motion for an order vacating and setting aside a default judgment entered February 4, 1986, unanimously modified, on the law and the facts, with costs, to reinstate that part of the judgment which granted relief to plaintiff for his own claims against the defendant (the original claim being for $13,733.07), plus appropriate interest and costs, and to dismiss the remaining claim of the plaintiff for relief on behalf of other creditors (the original claim being for $31,884.28). The case is remanded for a determination of the exact amount due to plaintiff.

On April 8, 1987, plaintiff Eisenstein, individually and on behalf of certain creditors of defendant, sought to recover $13,733.07 due him personally for advances to defendant Sydney Rose (hereinafter Rose) and to a joint television project known as Airshow International. Rose is allegedly president of defendant Airshow International Ltd., a British corporation. Plaintiff also sought $31,884.28 due other creditors who participated in the project. Plaintiff's complaint alleges that Rose invited him to enter into a partnership for the production of a television project. Pending the resolution of the partnership negotiations, plaintiff, as executive producer, engaged the necessary personnel and commenced filming. Subsequently, defendant Rose left for England and, there, allegedly

refused to authorize payment for the $45,617.35 in production expenses incurred. Further, Rose allegedly withdrew all but $3 from a New York account opened to cover project expenses.

Although the complaint resembles a class action in being brought on behalf of defendant's creditors, plaintiff is actually seeking recovery of partnership assets, as well as his own personal contributions. There is no showing that plaintiff is entitled to the sums of money allegedly due other creditors.

Defendant admits being personally served in London on July 17, 1985. Defendant failed to interpose an answer after receiving a 30-day extension of time to submit one. Following an inquest, a $56,667.59 default judgment was entered against defendant on February 4, 1986. On July 8, 1986, defendant obtained an order to show cause which sought to vacate the judgment. The order was denied on the basis of valid personal service and the failure to show a meritorious defense. On February 18, 1987 defendant obtained a second order to show cause, seeking the same relief. While containing a proposed answer and several arguments submitted to support a "meritorious defense", the papers failed to contain any excuse for the delay in interposing an answer. The motion court granted the motion and vacated the default in the interest of justice, noting the public policy favoring disposition on the merits, the existence of a meritorious defense and the minimal delay involved.

Although this court favors determination of actions on their merits (see, N & J Foods v Shopwell Plaza Corp., 63 AD2d 899 [1st Dept 1978]), this preference will not justify vacating a default judgment where the moving party fails to satisfy the two-prong burden of showing a meritorious defense and a reasonable excuse for the default. (Barasch v Micucci, 49 NY2d 594 [1980]; Matter of "Male" Jones, 128 AD2d 403, 404 [1st Dept 1987]; Tandy Computer Leasing v Video X Home Lib., 124 AD2d 530 [1st Dept 1986]; Abrams v Abrams, 56 AD2d 775 [1st Dept 1977].) Under the circumstances of this case where defendant failed to provide, in two successive applications for orders to show cause, any excuse for failing to interpose an answer despite having an extension of time to do so and where defendant delayed almost two years in submitting a proposed answer, the trial court abused its discretion in vacating the default judgment. It is also clear that no default judgment should have been entered with respect to claims made on behalf of other creditors. Thus, the May 28, 1987 order should have vacated and dismissed that portion of the default judgment which granted to plaintiff relief on the

claims made on behalf of other creditors. Because the basis of the amount determined to be due plaintiff following the inquest is not clear on this record, we remand for that determination. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.