■ KAROLE D. FOSTER, Respondent-Appellant, v CRAIG C.

FOSTER, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a resettled judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), dated January 5, 1988, as (1) granted the plaintiff exclusive occupancy of the marital premises for 10 years, (2) awarded counsel fees, and (3) awarded support and maintenance in the aggregate amount of $400 per week, and the plaintiff cross appeals, as limited by her brief, from so much of the same resettled judgment as failed to make the award of child support and maintenance retroactive to the date of the service of the summons, and limited exclusive possession of the marital premises to a term of 10 years.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the resettled judgment is modified, as a matter of discretion, by adding to the fourteenth decretal paragraph thereof a provision that the plaintiff's exclusive occupancy and possession is without prejudice to an application by the defendant to terminate such exclusive occupancy in the event that she occupies the premises with a male person other than the defendant or the parties' children, and deleting the twenty-third decretal paragraph thereof; as so modified, the resettled judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to be held forthwith on the issue of counsel fees, unless within 10 days after the service upon the defendant of a copy of this decision and order, with notice of entry, the parties shall stipulate that the issue of counsel fees may be resolved on submission of affidavits; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Generally, an award of counsel fees requires a hearing, not only to examine into the financial conditions of the parties, which examination was already accomplished during this trial, but to permit the parties to test in a meaningful way the value of the claimed services and the time expended in rendering them (see, e.g., Petritis v Petritis, 131 AD2d 651, 654). An award may also be based upon submitted affidavits, but only where the parties have so agreed (see, Petritis v Petritis, supra; Price v Price, 115 AD2d 530). Here, the award was based upon neither a hearing nor submitted papers, and the parties themselves, both of whom sought counsel fees, disagree as to how the court reached its decision. Therefore, this matter must be remitted to the Supreme Court, Westchester

County, either for a hearing, or for the parties to be given the opportunity to stipulate that the matter be resolved on submitted papers.

We also note that the record herein fully supports the determination on the issues of support and maintenance for the five dependents of the defendant, and the right of the plaintiff and four minor children to exclusive possession of the marital premises. However, the court should have provided that award was made without prejudice to an application by the defendant to terminate such exclusive occupancy in the event that she occupies the premises with a male person other than the defendant or the parties' children (see, Rosenberg v Rosenberg, 126 AD2d 537). Finally, the cross appeal must be dismissed, as the plaintiff has failed to properly perfect it. Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.