■ EILEEN C. MURPHY, Respondent, v PATRICK J. MURPHY, Appellant.—Order, Family Court, New York County (Leah Marks, J.), entered on or about July 14, 1989, which denied the motion of the respondent Patrick Murphy to vacate a May 29, 1986 order of support, entered on default, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion granted, without costs.

On this record there was an insufficient showing that the respondent received actual notice of the hearing, required by Family Court Act § 427 (c), before a default judgment could be obtained. At the time of the support hearing on May 29, 1986, defendant had moved from his home in Ulster County, New York, to the State of Rhode Island. At times he returned to work on Roosevelt Island in New York City. Respondent denied that he received notice of the May 29, 1986 hearing. While there was evidence of notices of hearing being sent to various addresses where defendant allegedly worked or had contact, there was no evidence that he actually received any notice. While a notice of a support hearing sent to Roosevelt Island was apparently never returned, other notices of scheduled support hearings were returned as undeliverable. In addition, while there was an assertion by the office of the Corporation Counsel that a lawyer representing respondent had been in contact with that office, no attorney ever served a notice of appearance and respondent denied retaining an attorney. Given the lack of actual notice, it was error for the Family Court to reject the recommendation of the Hearing Examiner that the support order of May 29, 1986 be vacated. Concur—Sullivan, J. P., Ross, Ellerin, Wallach and Smith, JJ.