(October 22, 1990)

■ AMERICAN SIGOL CORPORATION, Respondent-Appellant, v SALOMON ZICHERMAN, Appellant-Respondent.—In an action to recover damages for conversion, the defendant appeals (1) from an order of the Supreme Court, Kings County (Held, J.), dated June 28, 1988, which granted the plaintiff's motion for leave to enter judgment upon the defendant's default in answering, and denied the defendant's cross motion to vacate his default in answering, (2) as limited by his brief, from so much of a judgment of the same court, dated September 19, 1988, as is in favor of the plaintiff and against him in the principal sum of $44,321.04, (3) as limited by his brief, from so much of a resettled judgment of the same court, entered October 4, 1988, as is also in favor of the plaintiff and against the defendant in the principal sum of $44,321.04, and (4) from an order of the same court dated November 23, 1988, which denied his motion for reargument of his cross motion to vacate his default in answering, and the plaintiff cross-appeals from so much of the resettled judgment entered October 4, 1988, as dismissed causes of action to recover counsel fees and punitive damages.

Ordered that the cross appeal from the resettled judgment entered October 4, 1988, is dismissed, as abandoned; and it is further,

Ordered that the appeal from the order dated June 28, 1988, is dismissed; and it is further,

Ordered that the appeal from the judgment dated September 19, 1988, is dismissed, since it was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment entered October 4, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated November 23, 1988, is dismissed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order dated June 28,

1988, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from this order are brought up for review and have been considered on the appeal from the resettled judgment (CPLR 5501 [a] [1]; *Katz v Katz,* 68 AD2d 536).

The appeal from the order dated November 23, 1988, is dismissed because the motion which it determined, although denominated one for renewal and reargument, was actually one for reargument. No appeal lies from an order denying a motion for reargument *(see, DeFreitas v Board of Educ.,* 129 AD2d 672; *Frank v Gessel,* 108 AD2d 896).

It is beyond cavil that CPLR 2005, regarding law office failures, was not intended to routinely excuse defaults. To excuse a default, a party must show both a reasonable excuse for his omission and proof of merit to his claim *(see, La Buda v Brookhaven Mem. Hosp. Med. Center,* 62 NY2d 1014; *Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Brusco v St. Clare's Hosp. & Health Center,* 128 AD2d 390). Even if law office failure had been alleged pursuant to CPLR 2005, such an allegation without supporting facts to explain and justify the failure would be insufficient to establish an excusable default *(see, Tandy Computer Leasing v Video X Home Lib.,* 124 AD2d 530).

In this case, the defendant did not assert law office failure. His bald allegation that he believed that the dispute would be resolved by a religious tribunal cannot absolve him for his failure to timely respond to the plaintiff's complaint. Further, in light of an agreement between the parties, the defendant has utterly failed to establish a meritorious defense to the action. Thus, his cross motion to vacate the default was properly denied.

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Eiber and Harwood, JJ., concur.