■ ANTOINETTE MONDRONE, Respondent, v LAKEVIEW AUTO SALES AND SERVICE, INC., Appellant.—In an action to recover damages for breach of contract, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 23, 1989, which denied its motion to vacate its default in appearing and answering and for leave to serve an answer, and (2), as limited by its brief, from so much of an order of the same court, entered on September 22, 1989, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered June 23, 1989, is dismissed, as that order was superseded by the order entered September 22, 1989, made upon reargument; and it is further,

Ordered that the order entered September 22, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The decision as to the setting aside of a default in appearing and answering is generally left to the sound discretion of the Supreme Court (see, Ehmer v Modernismo Publs., 120 AD2d 483, 484), the exercise of which will generally not be disturbed if there is support in the record therefor (see, Machnick Bldrs. v Grand Union Co., 52 AD2d 655; see also, Eichen v George B. Jr. Realty, 154 AD2d 428). In the instant case, although the defendant presented a reasonable excuse for its default, the record supports the Supreme Court's determination that it had failed to show the existence of any meritorious defense. Accordingly, the vacatur of the default was properly denied (see, Matter of State of New York v Wiley, 117 AD2d 856; see also, Canter v Mulnick, 60 NY2d 689). "We do not agree with the defendant that in view of the brevity of the default * * * an affidavit of merits was not required" (Abrams v Abrams, 56

AD2d 775). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.