■ FORUM INSURANCE COMPANY, Respondent, v RITA M. JUDD, Appellant. [594 NYS2d 250] —Order, Supreme Court, New York County (Francis N. Pecora, J.), entered on or about February 5, 1992, which denied defendant's motion to vacate a default judgment entered against her, unanimously affirmed, with costs.

We agree with the IAS Court that defendant does not show a reasonable excuse for having failed to serve an answer or oppose the motion for a default judgment. The action, which is based on an Investor Bond Indemnification and Pledge Agreement covering a promissory note that defendant gave to plaintiff surety's principal, an oil and gas limited partnership, in connection with the refinancing of her investment therein was commenced by service of a summons and complaint in November 1988. Defendant's attorney served a notice of appearance in January 1989, but no answer had been served by March 1989, when plaintiff's attorney wrote defendant's attorney a letter advising of the index number assigned to the matter. Thereafter, in January 1990, plaintiff moved, on notice, for a default judgment, which motion was granted on default. Service of a notice of settlement of this default judgment again elicited no response from defendant's attorney and a default judgment was entered against defendant in October 1990. Nearly a year later, in September 1991, defendant moved to vacate the default, her attorney explaining that the intern he had handling this and several other closely related matters in his office did not place defendant's file with the other files, and that as a result nothing was done. The attorney also asserted that all of the papers in defendant's case were "inexplicably" put in the file and never brought to his attention. While CPLR 2005 provides that a "court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure", the statute by no means guarantees that such default will be excused in all cases (*Aponte v Raychuk*, 172 AD2d 280, 282, *affd* 78 NY2d 992; *Grosso v Hauck*, 99 AD2d 750). Here, the IAS Court did not abuse its discretion in finding that a misplaced file did not credibly excuse repeated neglect to respond to process (*e.g.*,

*American Barrick Resources Corp. v Smith,* 169 AD2d 584; *Zolov v Donovan,* 138 AD2d 484; *Eisenstein v Rose,* 135 AD2d 369, 370; *see also, Aponte v Raychuk, supra; Grosso v Hauck, supra).*

We also agree with the IAS Court that defendant failed to show a meritorious defense. In executing the new promissory note and associated investment documents, defendant expressly waived any defenses to the note that she might have had against the oil and gas partnership, as well as any defenses to plaintiff's ability to collect under the Indemnification Agreement. Concur—Ellerin, J. P., Wallach, Asch and Rubin, JJ.