■ In the Matter of the PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEW WOMAN, INC., et al., Respondents, and FLEET NATIONAL BANK, Appellant. [602 NYS2d 419] —In a proceeding pursuant to CPLR article 4 to enforce payment of an irrevocable letter of credit issued by Fleet National Bank pursuant to General Business Law article 30 (General Business Law § 620 et seq.), Fleet National Bank appeals from (1) an order of the Supreme Court, Westchester County (Gurahian, J.), entered June 13, 1991, which denied its motion to vacate its default in answering and for leave to serve an untimely answer pursuant to CPLR 3012 (d), and (2) a judg-

ment of the same court, entered June 13, 1991, in favor of the petitioner the State of New York. The appeals bring up for review an order of the same court, dated October 25, 1991, which, upon reargument, adhered to the court's original determination denying Fleet National Bank's motion to vacate its default.

Ordered that the appeal from the order entered June 13, 1991 is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order dated October 25, 1991, made upon reargument; and it is further,

Ordered that the order dated October 25, 1991, is affirmed insofar as reviewed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The trial court correctly denied Fleet National Bank's application to set aside its default in answering the petition (see, Mondrone v Lakeview Auto Sales & Serv., 170 AD2d 586), since Fleet National Bank entirely failed to offer any reasonable excuse for its default (see, American Sigol Corp. v Zicherman, 166 AD2d 628). Bald assertions of law office failure will not serve to routinely excuse defaults, and Fleet National Bank's claim that it reasonably believed that it was prohibited from answering the petition pursuant to the automatic bankruptcy stay provisions of 11 USC § 362 is meritless in light of subdivision (b) of that section, which expressly exempts from its coverage proceedings by governmental units to enforce their police or regulatory powers (see also, Ohio v Kovacs, 469 US 274, 283-284, n 11).

Fleet National Bank's assertion that the petitioner failed to comply with the proof and notice requirements of CPLR 3215 (f) was not raised in the trial court and is therefore unpreserved for appellate review (see, Lichtman v Grossbard, 73 NY2d 792; Mastronardi v Mitchell, 109 AD2d 825). Thompson, J. P., Miller, Santucci and Joy, JJ., concur.