■ LOUIS FENNELL, Respondent, v C. VERNON MASON, Appellant. [612 NYS2d 416] —In an action to recover damages for legal malpractice, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), entered March 12, 1992, which denied his motion to vacate a default judgment, and (2) an order of the same court, entered June 23, 1992, which denied his motion for leave to renew.

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the defendant's contention, the Supreme Court properly denied his motion to vacate his default in responding to the summons with notice. The motion to vacate could not be made pursuant to CPLR 317, inasmuch as the defendant did not allege, nor does the record establish, that he "did not personally receive notice of the summons in time to defend" (CPLR 317; *see generally, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Getz v Stuyvesant Manor,* 194 AD2d 589; *Essex Credit Corp. v Tarantini Assocs.,* 179 AD2d 973). Since the defendant's motion was properly treated as one to vacate a default pursuant to CPLR 5015 (a) (1), he was required to demonstrate both a reasonable excuse for the default and a meritorious defense to the action *(see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra; People v Scudds,* 195 AD2d 778; *Aponte v Raychuk,* 172 AD2d 280, *affd* 78 NY2d 992; *Vierya v Briggs & Stratton Corp.,* 166 AD2d 645). However, the defendant's vague and unsubstantiated claim of law office failure did not constitute a reasonable excuse *(see, Matter of People v New Woman,* 197 AD2d 525; *Morris v Metropolitan Transp. Auth.,* 191 AD2d 682; *Forum Ins. Co. v Judd,* 191 AD2d 230; *Donovan v Getty Petroleum Corp.,* 174 AD2d 706; *American Sigol Corp. v Zicherman,* 166 AD2d 628). Furthermore, the defendant's moving papers failed to establish the existence of a meritorious defense to the claim that he entered into an unauthorized settlement on behalf of the plaintiff in a previous action *(see, Fennell v TLB Kent Co.,* 865 F2d 498; *see generally, Forum Ins. Co. v Judd, supra; Vierya v Briggs & Stratton Corp., supra).*

Similarly unavailing is the defendant's claim that the Su-

preme Court should have granted his motion for leave to renew (see, CPLR 2221, 5015 [a] [2]). As the Supreme Court noted, the material submitted on the motion to renew still failed to establish a reasonable excuse for the default and a meritorious defense. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying renewal. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.