■ In the Matter of PATRICIA BUTCHAR, Respondent, v FRANK J. BUTCHAR, Appellant. [623 NYS2d 28] —White, J. Ap-

peals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Family Court of Westchester County (Tolbert, J.), entered February 17, 1993, which denied respondent's motion to vacate an order entered on default, and (2) from a judgment of said court, entered February 18, 1993, awarding petitioner counsel fees.

At the conclusion of a hearing to terminate respondent's visitation rights with his daughter, petitioner's counsel made an oral application for counsel fees. While respondent's counsel objected to the oral application, he did consent to have the issue resolved on papers thereby waiving the right to a hearing (see, Foster v Foster, 154 AD2d 334). Family Court directed petitioner's counsel to serve and file a written application for fees by April 3, 1992 and gave respondent until April 17, 1992 to respond. Petitioner's counsel complied with Family Court's directive while respondent did not. Consequently, in the absence of opposition, Family Court issued an order awarding petitioner the fee she requested, to wit, $6,121.40. Thereafter, respondent moved to vacate the order pursuant to CPLR 5015 (a) (1). Family Court denied the motion and directed petitioner to enter a judgment against respondent for the amount of counsel fees that it had awarded her. Respondent appeals.

A party seeking to vacate a default must demonstrate a reasonable excuse for the default, a meritorious claim and the absence of willfulness (see, Ryan v Ryan, 177 AD2d 895). The decision as to whether the movant has satisfied these requirements is generally left to the sound discretion of the trial court and will not be disturbed if there is support in the record therefor (see, Mondrone v Lakeview Auto Sales & Serv., 170 AD2d 586).

In this instance, the explanation of respondent's counsel that he did not serve responding papers because petitioner's papers did not contain a notice of motion, cover letter or other statement indicating the return date is rather hollow given the fact he was present when Family Court established the schedule for the submission of papers. Thus, because respondent did not present a reasonable excuse, Family Court did not abuse its discretion in denying his application to vacate the order (see, Matter of People v New Woman, 197 AD2d 525, lv dismissed 83 NY2d 904; Arvanetes v Arvanetes, 191 AD2d 893).

In addition to affirming Family Court's order, we shall also affirm the judgment petitioner entered against respondent for

counsel fees since respondent has not shown that he has paid any portion of the fee awarded petitioner.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order and judgment are affirmed, without costs.