THIRD DEPARTMENT, AUGUST, 1995

(August 3, 1995)

■ In the Matter of CATHERINE STONE, Respondent, v RICHARD STONE, Appellant. [630 NYS2d 151] —White, J. Appeals (1) from an order of the Family Court of Albany County (Tobin, J.), entered April 16, 1993, which, *inter alia,* in a proceeding pur-

suant to Family Court Act article 4, denied respondent's objections to the Hearing Examiner's refusal to vacate or open a default, and (2) from an order of said court (Marinelli, J.), entered August 12, 1993, which, *inter alia,* granted petitioner's application to find respondent in violation of a prior support order.

On June 8, 1990 petitioner filed a petition seeking support from respondent for their son. Service of the petition was effected pursuant to Family Court Act former § 427 (c) and, on the adjourned date of the hearing, August 24, 1990, respondent called Family Court, leaving a message that he would not be attending the hearing. In his absence an inquest was held, resulting in an order entered January 31, 1991 directing respondent to pay, *inter alia,* $98 per week child support. Respondent's lack of compliance with the support order led petitioner to file a violation petition under Family Court Act § 454. Following an evidentiary hearing, the Hearing Examiner found that respondent had willfully violated the order and referred the matter to Family Court for a confirmation hearing. Prior to this hearing, respondent moved to vacate the support order. The Hearing Examiner denied the motion, prompting respondent to file objections with Family Court which Family Court denied. The confirmation hearing was then held which resulted in an order vacating the Hearing Examiner's finding of willfulness but continuing the support order. These appeals by respondent ensued.

Respondent initially argues that the support order should be vacated under CPLR 5015 (a) (4) since he was not served with a summons. Family Court Act § 427 (c) provides that "[i]n any case, * * * service of a summons and petition under this section may be effected by mail alone to the last known address of the person to be served". Here, the record shows that the summons was mailed to respondent's last known address in Mayfield, New York, on June 26, 1990, more than eight days before the scheduled hearing as required by the statute. There is no indication that this mail was returned, nor does respondent deny that the Mayfield address was his last known address. Therefore, as the record establishes that the summons was served in compliance with the statutory requirements, we find that Family Court acquired jurisdiction over respondent (*see, Parker v Mack,* 61 NY2d 114, 117; *Markoff v Community Hosp.,* 61 NY2d 283, 288; *compare, Murphy v Murphy,* 160 AD2d 588).

Respondent next argues that he was denied due process because he was not afforded sufficient notice of the support hearing. Due process is satisfied so long as a party receives rea-

sonable notice of a claim and an opportunity to be heard (*see, Dobkin v Chapman*, 21 NY2d 490, 503). There is no rigid rule establishing the adequacy of notice; instead, the reasonableness of notice depends upon a balancing of the interests of the State against the interests of the individual "in actually being informed of proceedings affecting rights or property" (*Matter of McCann v Scaduto*, 71 NY2d 164, 173). Under this standard, the United States Supreme Court has found that under certain circumstances a mailed notice satisfied the requirements of due process (*see, Mennonite Bd. of Missions v Adams*, 462 US 791; *Greene v Lindsey*, 456 US 444) since it "is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice" (*Tulsa Professional Collection Servs. v Pope*, 485 US 478, 490).

In this instance, when the State's interests in obtaining expeditious resolution of support proceedings is measured against the magnitude of the support problem and the frequent unfeasibility of personal or substituted service, we conclude that a notice mailed eight days before the hearing satisfies the requirements of due process, particularly since Family Court Act § 427 (c) provides that a default cannot be entered without proof that the respondent had actual notice of the support proceeding (*see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 427, at 182). We note that this actual notice requirement was satisfied here by respondent's admission that he called Family Court on August 24, 1990 regarding the hearing on the support petition.

Respondent's admission also vitiates his motion, pursuant to CPLR 317, to vacate the support order because it establishes that he received notice of the summons in time to defend (*see, Morgan v Sullivan*, 158 AD2d 927). He also failed to establish a right to relief under CPLR 5015 (a) (1) since he failed to present a reasonable excuse for his failure to appear at the August 24, 1990 support hearing (*see, Matter of Butchar v Butchar*, 213 AD2d 788; *Matter of New York City Commr. of Social Servs. v Hills*, 203 AD2d 574, 575). Thus, we conclude that Family Court did not abuse its discretion in denying respondent's motion to vacate the support order.

Lastly, we have not considered respondent's argument that the support order is excessive since that issue was not before Family Court on petitioner's violation petition.

For these reasons, we affirm.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.