■ MICHELLE DOBBIE, Respondent, v CRISA ANASTARIARIS, Appellant. [631 NYS2d 540] —In an action to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Nassau County (Kutner, J.), dated June 22, 1994, which, inter alia, denied his motion to vacate his default in responding to the plaintiff's motion to preclude him from introducing certain evidence at trial for failure to respond to the plaintiff's demand for a bill of particulars, and (2) as limited by her brief, from so much of an order of the same court, dated December 1, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 22, 1994, is dismissed, as that order was superseded by the order dated December 1, 1994, made upon reargument; and it is further,

Ordered that the order dated December 1, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court found that the proffered excuse of law office failure was not a reasonable excuse for the defendant's default. Under the circumstances of this case we discern no improvident exercise of discretion in the Supreme Court's rejection of this excuse (see, Fennell v Mason, 204 AD2d 599; Putney v Pearlman, 203 AD2d 333).

The defendant's remaining contentions are without merit. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.