■ STOW MANUFACTURING COMPANY, Respondent, v F & K SUPPLY, INC., Doing Business as FOWLER & KEITH SUPPLY COMPANY, Appellant. [649 NYS2d 90] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 20, 1995 in Ulster County, which denied defendant's motion to vacate a default judgment entered against it.

Plaintiff commenced this action in June 1989 seeking to recover moneys allegedly owed it for goods and services supplied to defendant. Defendant answered and asserted various affirmative defenses and counterclaims. In November 1989, plaintiff served demands for a bill of particulars and inspection of documents with regard to defendant's affirmative defenses and counterclaims. Defendant failed to respond and, upon plaintiff's motion, Supreme Court issued a conditional order of preclusion dated July 12, 1990. When defendant still did not respond to plaintiff's discovery demands, its affirmative defenses and counterclaims were stricken.

As a result, in October 1993 plaintiff moved for summary judgment. Defendant's attorney responded by requesting permission to withdraw, and seeking a stay of the proceedings until defendant could obtain new counsel. In February 1994, Supreme Court granted defense counsel's request and stayed the matter for 30 days. By letter dated March 16, 1994, the court scheduled a pretrial conference for April 14, 1994. The letter was sent to defendant and specifically warned that a failure to appear could result in default. Defendant never appeared, and on June 20, 1994 the court granted judgment in plaintiff's favor. Defendant's motion to vacate the judgment was denied by Supreme Court, prompting this appeal.

We affirm. It is well established that in order to vacate a default judgment, the moving party is required to demonstrate both a valid excuse for the default and a meritorious defense (*see*, CPLR 5015 [a] [1]; *Matter of Butchar v Butchar*, 213 AD2d 788). It is left to the sound discretion of the trial court to decide whether the movant has satisfied these requirements (*see*, *Mondrone v Lakeview Auto Sales & Serv.*, 170 AD2d 586).

Here, defendant's president avers that after his firm's former counsel withdrew from the case, plaintiff's attorney led him to believe that settlement negotiations were being postponed, and that this resulted in a false sense of security. This explanation is unconvincing, given Supreme Court's letter of March 16, 1994 specifically directing defendant to appear and warning of the possibility of default. Defendant's president does not claim that he did not receive the letter. In addition, we note that defendant was afforded ample time to obtain new counsel; hence, its reliance on its *pro se* status, as of the time judgment was entered against it, is unavailing. Considering the record as a whole, we are of the view that defendant failed to meet its burden of demonstrating a justifiable excuse for the delay.

In addition, Supreme Court did not err in finding that defendant failed to establish a meritorious defense to the action. In this regard, defendant relied on the denials contained in its answer, which are wholly conclusory and thus insufficient to demonstrate the merit of defendant's position (*see*, *Terranova v Gallagher Truck Ctr.*, 121 AD2d 621, 621-622). We also note that while the law favors resolution of controversies on the merits (*see*, *Poughkeepsie Sav. Bank v Tyson*, 170 AD2d 818, 820), defendant's conduct throughout this lawsuit has served only to delay and to frustrate a determination of the case on its merits.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.