■ Citicorp Mortgage, Inc., Respondent, v Michael A. Rodelli, Jr., et al., Appellants. [672 NYS2d 150] —Carpinello, J. Appeal from an order of the Supreme Court (Bradley, J.), entered March 31, 1997 in Ulster County, which granted plaintiff's motion to vacate a stay of enforcement proceedings in a mortgage foreclosure action.

The issue on this appeal is whether Supreme Court abused its discretion in vacating a stay of enforcement proceedings,

thereby permitting plaintiff, as the successful bidder at a foreclosure sale, to acquire possession of the mortgaged premises. In 1990, defendant Michael A. Rodelli, Jr. signed a mortgage in favor of plaintiff's assignor in the amount of $116,200.[1] Plaintiff filed a foreclosure action in November 1993 based upon payment defaults beginning in June 1993.[2] Rodelli, Jr. retained an attorney who filed an answer containing four affirmative defenses, none of which included the invalidity of the mortgage loan on the ground that Rodelli, Jr. was not the owner of the subject premises. In fact, at no time during the mortgage foreclosure action did Rodelli, Jr. ever make such an assertion.

Plaintiff's subsequent motion for summary judgment was granted and a judgment of foreclosure and sale was entered on April 3, 1995. Prior to the date of the advertised sale of the property, Rodelli, Jr. filed a chapter 7 (11 USC) bankruptcy petition in US District Court for the Southern District of New York, which effectuated an automatic stay of the sale. After obtaining relief from the automatic stay, plaintiff became the successful bidder at a renoticed auction sale.

Defendant Michael A. Rodelli, Sr., who resided in the home constructed on the property in 1988 and who was served, but did not appear, in the foreclosure action, was then served with a notice to surrender possession of the subject premises. At this time, Rodelli, Sr. retained his own attorney who moved in January 1996 to vacate his default in the foreclosure action. In this application, Rodelli, Sr. argued that he had acquired title to the subject premises in 1972, when Rodelli, Jr. was only 13 years old, by a deed which listed "Michael A. Rodelli" as the grantee. Consequently, he claimed that Rodelli, Jr. had no authority to give a mortgage on the subject premises in 1990.[3] Although acknowledging that, as a person in possession of the subject premises, he had been served with the foreclosure summons and complaint in December 1993, Rodelli, Sr. attempted to justify his two years of inactivity by alleging that a 1985 construction accident resulted in Rodelli, Jr. handling all of his

---

1. Rodelli, Jr. is also referenced in the mortgage documentation as "Michael A. Rodelli".

2. The record also indicates that real property taxes on the mortgaged premises were unpaid for years 1991, 1992 and 1993.

3. Interestingly, the record reflects a 1987 mortgage from "Michael A. Rodelli" to Ulster Savings Bank in the amount of $75,000. This mortgage, which was given at the time the residence on the property was constructed, was paid off at the 1990 closing of the mortgage loan at issue in this case. None of defendants, including Rodelli, Sr., addresses this mortgage in any respect, including the issue of which "Michael A. Rodelli" executed it.

"business dealings" and that he had mistakenly relied on his son's representations that he would "take care of things". This motion to vacate the default was denied without prejudice to renew. Supreme Court did, however, grant Rodelli, Sr.'s motion for a stay of the enforcement proceedings pending receipt and review from plaintiff of the title report on which its assignor relied in extending the mortgage to Rodelli, Jr. Following production of copies of both the title policy and title report, the court vacated the stay. It is from this latter order that defendants appeal.

To the extent that Rodelli, Sr. argues that the order denying his motion to vacate the default judgment was in error, we simply note that no appeal was taken from it and, therefore, the merits of that application are not properly before this Court (*see,* CPLR 5513 [a]; *see generally, Hecht v City of New York,* 60 NY2d 57). Even if we were to consider the merits of same, it is axiomatic that vacatur of a default judgment requires the moving party to establish both a valid excuse for the default and a meritorious defense (*see, Stow Mfg. Co. v F & K Supply,* 232 AD2d 958). No such showing was made by Rodelli, Sr., who unconvincingly proffers as an excuse for his default his mistaken reliance on Rodelli, Jr. (*see generally, id.,* at 959 ["a false sense of security" arising from reliance on a third party is not a justifiable excuse for default]).

Given plaintiff's compliance with Supreme Court's order requiring production of a copy of the title report, it cannot be said that the court abused its discretion in lifting the stay which had prevented enforcement of the foreclosure judgment. Accordingly, the order vacating the stay of enforcement should be affirmed in all respects.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.