Matter of Rake v Spall (2005 NY Slip Op 25530)

Matter of Rake v Spall

2005 NY Slip Op 25530 [11 Misc 3d 364]

December 7, 2005

O'Connor, J.

Family Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Thursday, June 22, 2006

[*1]
In the Matter of Terra Rake, Petitioner,
v
Robert Spall, Jr., Respondent.
Family Court, Monroe County, December 7, 2005

APPEARANCES OF COUNSEL

Edward J. Nowak, Public Defender (Christine F. Redfield of counsel), for respondent. Daniel M. DeLaus, Jr., County Attorney (Mary E. Teator of counsel), for petitioner.

OPINION OF THE COURT

Marilyn L. O'Connor, J.
Respondent's motion herein raises the important question of the nature of notice required in order for a default order of incarceration to result from a support order violation proceeding. The Support Magistrate found by default that respondent willfully violated the support order made for the benefit of E.S. He recommended the sanction of incarceration. The matter was duly transferred for a judicial confirmation of the willful violation finding and the imposition of a sanction. This court confirmed the findings and ordered respondent incarcerated. A warrant was issued. On return of the warrant, counsel was assigned to represent respondent, and respondent now seeks an order vacating the default findings of fact and conclusions of law and order of the Support Magistrate signed March 18, 2005.
Respondent argues that he was not adequately served for the purpose of obtaining personal jurisdiction over him. Through his attorney's affirmation only, he alleges that he was not personally served with the summons, petition, or the notice with default warnings, and that there is no proof of actual notice to him. Respondent argues that just mailing is not adequate service and that proof of notice is required for incarceration. Accordingly, he seeks to have the default order of the Support Magistrate and the confirming order of this court which resulted in respondent's incarceration vacated for lack of jurisdiction, pursuant to section 5015 (a) (4) of the Civil Practice Law and Rules.
Despite respondent's emphasis on the inadequacy of mailing, it is not disputed that service upon respondent was made via delivery to a person of suitable age and discretion at respondent's residence together with mailing as reflected by the affidavit of service. [*2]Respondent's attorney conceded that delivery was made to respondent's mother, but claimed this was not "personal service" and did not meet notice requirements. The department disagreed. Decision was reserved.
The court has reviewed all the arguments of Mr. Spall and found them to be without merit. For the reasons set forth below, the motion is denied because the method of service used satisfied the applicable statutes (Family Ct Act § 453 [c]; § 427), gave the court personal jurisdiction over respondent, and provided constitutional due process. None of the arguments in this case mentioned section 453 of the Family Court Act, but it is directly applicable here.
The affidavit of service in this matter indicates service of the summons and petition as follows:
"On December 27 2004 at 12:20 PM at 326 Santee St. Rochester NY 14606 Deponent served the within Summons and Petition on Robert Spall Respondent by delivering thereat a true copy of each to [his mother], a person of suitable age and discretion. Said premises is respondent's dwelling place . . . [and] within 8 days of such delivery or affixing, deponent enclosed a copy of same in postpaid envelope properly addressed to respondent at respondent['s] last known residence, at 326 Santee St. Rochester, NY 14606 on 12/31/04, and deposited said envelope in an official depository under the exclusive care and custody of the US Postal Service within New York State."
There is no allegation of fact in contradiction to the facts of service set forth in this affidavit of service. Respondent has not submitted a personal affidavit in support of his motion, has not denied that he lived at 326 Santee Street at all relevant times, has not denied that his mother was served with the papers on his behalf, has not claimed that his mother lacked suitable age or discretion, has not claimed that she failed to give the papers to him, and has not claimed that he received no actual notice of the summons and petition. Instead, his attorney argues that proof of actual notice was required as part of the department's prima facie case since incarceration was ordered, citing section 427 of the Family Court Act. Nonetheless, section 453 specifically provides the methods of service permitted in violation proceedings, such as this, and incorporates in part section 427 of the Family Court Act. There is thus no need to consult the Judiciary Law contempt proceedings or the Civil Practice Law and Rules for a description of the method of service expressly required by the Legislature in matters involving violations of child support orders.
Section 453 of the Family Court Act, under the article's part 5 heading
"Compliance with Orders," states in its relevant parts:
"§ 453. Petition; violation of court order
"Proceedings under this part shall be originated by the filing of a petition containing an allegation that the respondent has failed to obey a lawful order of this court . . .
"(c) Service of summons. Upon the issuance of a summons, the provisions of section four hundred twenty-seven of this article shall apply, except that no order of commitment [to jail pursuant to section 454 (3)] may be entered upon the default in appearance by the respondent if service has [*3]been made by mail alone notwithstanding proof of actual notice of the commencement of the proceeding." (Emphasis added.)
Section 427 of the Family Court Act is the section of the law concerning service in support proceedings generally. It provides,
"§ 427. Service of summons
"(a) Personal service of a summons and petition may be made by delivery of a true copy thereof to the person summoned at least eight days before the time stated therein for appearance; or by delivery of a true copy thereof to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing a true copy thereof to the person to be served at his last known residence at least eight days before the time stated in the summons for appearance; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service.
"(b) If after reasonable effort, personal service is not made, the court may at any stage in the proceedings make an order providing for substituted service in the manner provided for substituted service in the civil practice law and rules.
"(c) In any case, whether or not service is attempted under subdivision (a) or (b) of this section, service of a summons and petition under this section may be effected by mail alone to the last known address of the person to be served . . . If service is by mail alone, the court will enter an order of support by default if there is proof satisfactory to the court that the respondent had actual notice of the commencement of the proceeding . . . ." (Emphasis added.)
Thus, the Family Court Act expressly defines that service on Mr. Spall's mother is personal service. In contrast, it provides that service by mail alone, though authorized by section 427 (c) generally, is not adequate under section 453 (c) to result in an order committing a party to jail pursuant to section 454 (3) of the Family Court Act even if there is proof of actual notice. The record establishes that the summons, petition and notice were served by personal service in compliance with the requirements of sections 427 (a) and 453 (c) of the Family Court Act. If these statutory requirements pass constitutional muster, service here was good, personal jurisdiction was attained, and the motion to vacate for lack of jurisdiction must be denied.
A comparison to CPLR 308, the statute setting forth what is required to obtain personal jurisdiction in civil matters generally, strongly supports a conclusion that the violation service method is constitutional. CPLR 308, "Personal service upon a natural person," sets forth several means of personal service. Like Family Court Act § 427 (a), CPLR 308 (2) provides that delivering a summons within the state to a person of suitable age and discretion at the actual dwelling place or usual place of abode of the person to be served and by a timely accompanying first class mailing, in the manner set forth, is "personal service." CPLR 308 (1) provides for personal delivery to the person to be served. This is often referred to as serving "personally." Serving "personally," however, is but one kind of "personal service," as argued by [*4]the department, and importantly, it is not the only kind of personal service which passes constitutional muster in civil cases. The fact that CPLR 308 (2) service is constitutional for civil matters is beyond question.
The question here becomes whether the imposition of a term of incarceration for nonpayment of child support requires more than that required by CPLR 308 (2). Respondent argues that proof of actual notice was constitutionally required if service was not made personally (cf. Matter of Stone v Stone, 218 AD2d 824 [1995]). However, this is not persuasive in light of the language of section 453 (c) stating that "no order of commitment may be entered upon the default in appearance by the respondent if service has been made by mail alone notwithstanding proof of actual notice of the commencement of the proceeding." Furthermore, the Stone facts were different. Stone found service by mail alone with proof of actual notice adequate in a support matter, without incarceration as a possibility. Service by mail alone is not involved here, and incarceration was a possibility. Of course, no argument that section 453 of the Family Court Act is unconstitutional was specifically raised since the relevance of section 453 was not noted anywhere in the motion papers or at oral argument.
A comparison to the Judiciary Law's contempt statute is helpful in determining what service is needed for due process purposes before incarceration can be ordered in a civil matter. The Fourth Department stated in Matter of Child Support Enforcement Unit v John M. (283 AD2d 40, 42 [2001]),
"Family Court Act article 4 incorporates the contempt procedures set forth in Judiciary Law § 756 and permits incarceration for a willful violation of a support order (see, Family Ct Act § 453 [b]; § 454 [3]; Sobie, Supp Practice Commentaries, McKinney's Cons Law of NY, Book 29A, Family Ct Act § 580-603, 2001 Pocket Part, at 18). Section 454 (3) (a) of the Family Court Act provides that, '[u]pon a finding by the court that a respondent has willfully failed to obey any lawful order of support, the court . . . may . . . commit the respondent to jail for a term not to exceed six months.' "
Section 756 of the Judiciary Law sets forth the procedure for an application to punish for civil contempt, which may result in incarceration, and explains that such an application may be commenced by "notice of motion." It further explains that the application shall be noticed, heard and determined in accordance with the procedure for a motion on notice in an action. Obviously, motions on notice in actions are routinely served by mail pursuant to CPLR 2103 (b), since the underlying proceeding is already pending and personal service was already obtained. According to section 756 of the Judiciary Law, a civil case in which incarceration was not an issue can be changed to one in which incarceration is a possibility by service by mail alone of a notice of motion. However, Long Is. Trust Co. v Rosenberg (82 AD2d 591 [2d Dept 1981]) explains that contempt proceedings under section 756 of the Judiciary Law cannot be instituted by service of a notice of motion by ordinary mail upon an alleged contemnor who was not a party to the underlying action. Instead such contempt proceedings should be commenced like a "special proceeding," which of course requires service adequate to obtain personal jurisdiction. This pending support violation petition is a special proceeding. The manner of service of special proceedings generally is [*5]established by section 403 (c) of the CPLR, which says, "[a] notice of petition shall be served in the same manner as a summons in an action," i.e., pursuant to CPLR 308. As already discussed above, CPLR 308 (2) allows the same method of service used here, pursuant to the express authorization of the State Legislature via sections 453 and 427 of the Family Court Act. Therefore, using the Judiciary Law as a model, this court must conclude that constitutional due process was provided by the method of service used for respondent, even when a default order of incarceration was the result.
Delivery to a person of suitable age plus mailing to a relevant address is presumably very effective at giving actual notice—and probably gave actual notice even in the case at bar. The court will infer here that the respondent received actual notice since he has not denied it.[FN1] 

Furthermore, even if a person such as respondent were to be subjected to an order of commitment, by default, without having actually received notice either from that person of "suitable age and discretion" who lives at his own address, or by reading his or her own mail, the statutory scheme of the Family Court Act provides two means for relief from the order. This further supports a conclusion of constitutionality. First, under section 455 (1) of the Family Court Act, a court "may at any time suspend an order of commitment upon such reasonable conditions, if any, as the court deems appropriate," placing the person on probation or not, as the court determines. Second, under section 455 (2) of the Family Court Act, he or she, if financially unable to comply with a support order, can apply for relief from the commitment order. Thus, the Family Court Act provides considerable protection against injustice to respondents. Additionally, Family Court Act § 427 (c) provides that a respondent has the right to make a motion for relief from a default order within one year.
Thus, this court declines to hold that service on respondent violated constitutional due process requirements or was inadequate to provide personal jurisdiction.[FN2]

Now therefore, due consideration having been had, it is ordered that the respondent's motion to vacate and for other relief is denied in [*6]its entirety.

Footnotes

Footnote 1: As stated in Matter of Commissioner of Social Servs. v Philip De G. (59 NY2d 137, 141 [1983]),
"it is now established that in civil proceedings an inference may be drawn against the witness because of his failure to testify or because he exercises his privilege to prevent another from testifying, whether the privilege is constitutional (see Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 42; cf. Baxter v Palmig[i]ano, 425 US 308), or statutory (see People v Hovey, 92 NY 554 [marital privilege]; Sabowska v Coney Is. & Brooklyn R. R. Co., 174 App Div 913 [physician-patient] . . . The failure of respondent to testify does not permit the trier of the fact to speculate about what his testimony might have been nor does it require an adverse inference. It does, however, allow the trier of fact to draw the strongest inference against him that the opposing evidence in the record permits (see Noce v Kaufman, 2 NY2d 347, 353)."

Footnote 2: Since the constitutionality of section 453 (c) of the Family Court Act was not expressly challenged, the Attorney General's office has not been notified of this motion to vacate.