OPINION OF THE COURT
Chereé A. Buggs, J.
It is ordered that the defendant’s motion is denied in its entirety.
Taking first the request to dismiss the complaint on grounds of res judicata or collateral estoppel, defendant raised those affirmative defenses in his answer, which was stricken by the May 12, 2015 order of this court. Civil Practice Law and Rules § 3211 clearly states that the defenses of res judicata and collateral estoppel are deemed waived unless raised by a motion before service of the responsive pleading or by the responsive pleading (CPLR 3211 [e]; 3211 [a] [5]; see also Mayers v D’Agostino, 58 NY2d 696 [1982]). However, since defendant’s answer — which included the affirmative defenses of res judicata and collateral estoppel — was stricken, defendant cannot now make an end run around his stricken answer by attempting to raise those defenses in a manner blatantly contrary to statutory directives. Accordingly, the court denies the branch of the motion seeking dismissal on the principles of res judicata and collateral estoppel.
Defendant also seeks to “re-open, reargue and/or reconsider” the court’s May 12, 2015 decision and order by the Honorable Howard G. Lane which struck defendant’s answer for willful failure to comply with discovery.
The court herein will deem the defendant’s request to “reopen” to be a request to vacate the order, which was issued on default, since defendant failed to submit opposition. “A defendant attempting to vacate a judgment must demonstrate both a *231 reasonable excuse for the default and a meritorious defense” (Edwards v Feliz, 28 AD3d 512, 513 [2d Dept 2006] [citations omitted]).
In an effort to put forth a basis for reasonable default, defendant’s attorney states in his affirmation in support of the motion that he sent an associate to obtain an adjournment, “because pursuant to the rules of the Centralized Motion Part,” a first request for an adjournment is routinely granted. He states that instead, since the motion was discovery-related, it was marked for a conference, and then submitted without opposition, as the affirmant was unavailable until the afternoon.
In fact, however, the Centralized Motion Part (CMP) Rules for New York State Supreme Court, Queens County, which can be found online at https://www.nycourts.gov/COURTS/lljd/ supreme/civilterm/Centralized_Motion_Part_Rules.pdf, clearly state the following in paragraph 8:
“Mandatory appearance will be required for an Order to Show Cause, Writ of Habeas Corpus or any discovery related application . . . The Court directs that any attorney appearing on a case for any purpose MUST be familiar with the case, prepared and authorized to resolve any and all issues. On the return date, any discovery related application will be conferenced with the expectation that the issues will be resolved by stipulation.” (Emphasis added.)
While paragraph 11 states that the court will entertain an application for an adjournment for any substantive motion at calendar call, that pertains to substantive motions, and not motions for discovery.
Here, the court finds that the defendant has failed to establish a reasonable excuse for his default, and does not reach the question of whether there was a “meritorious defense.” While courts favor disposition of actions on their merits, “this preference will not justify vacating a default judgment where the moving party fails to satisfy the two-prong burden of showing a meritorious defense and a reasonable excuse for the default” (Eisenstein v Rose, 135 AD2d 369, 370 [1st Dept 1987]). The CMP rules plainly mandate an appearance for discovery motions, with a requirement that the person appearing be “prepared and authorized to resolve . . . issues.” Defendant’s attorney’s claim that, as per the CMP rules, a first request for an adjournment is routinely granted is contradicted by a simple reading of those rules.
*232 Further, not only did defendant fail to appear and submit opposition to the motion to strike defendant’s answer, but he failed to respond to the preliminary conference order, failed to appear at the compliance conference, failed to comply with required discovery, and failed to properly serve a cross motion. “[W]hen there is a pattern of default and neglect, the attorney’s negligence is properly imputed to the client.” (See Edwards, 28 AD3d at 513.) Consequently, defendant’s request to “re-open” the May 12, 2015 decision and order is denied.
Defendant seeks to “reargue and/or reconsider” the decision striking his answer. Since the proper manner for a court to “reconsider” its decision on a motion is by a motion to reargue or renew pursuant to CPLR 2221, and the motion herein is not “identified specifically” as a motion to renew (CPLR 2221 [e] [1]), and offers no “new facts” (CPLR 2221 [e] [2]), the court herein deems his request to “reconsider” to be one and the same as his request to reargue. (The court notes that defendant filed an appeal, but that it was dismissed by the Appellate Division, Second Department pursuant to CPLR 5511, as an aggrieved party cannot appeal an order entered on default.)
This matter is properly considered by the undersigned, instead of the judge who signed the order, because said order was on default (CPLR 2221 [a] [1]).
Defendant’s motion to reargue was made on January 20, 2016; the notice of entry of the order striking defendant’s answer was served upon the defendant’s attorney on May 15, 2015. CPLR 2221 (d) (3) requires that motions to reargue be made within 30 days after service of the notice of entry. Therefore, his motion is untimely.
Furthermore, since he submitted no opposition to the motion he is seeking to “reargue,” it is unclear how defendant’s motion could properly be one for reargument.
Based on the foregoing, the court denies the defendant’s motion in its entirety.