Leader v Parkside Group (2019 NY Slip Op 05467)





Leader v Parkside Group


2019 NY Slip Op 05467


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Kapnick, Singh, Moulton, JJ.


9804 153854/16 9803

[*1]Howard Leader, et al., Plaintiffs-Appellants,
v
Parkside Group, et al., Defendants-Respondents.


Santamarina & Associates, New York (Kacy Popyer of counsel), for appellants.
Law Office of Steven S. Sieratzki, New York (Steven S. Sieratzki of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 3, 2018, which granted defendants' motion to vacate the orders, same court and Justice, entered on or about April 24, 2017 and December 18, 2017, and respective judgments, entered June 12, 2017, and December 22, 2017; and order, same court and Justice, entered October 12, 2018, insofar as it granted defendants' motion for restitution payable by plaintiffs to defendants in the amount of $373,681.28, with interest from October 12, 2018, subject to plaintiffs' right to post an undertaking, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and defendants' motions denied.
A party seeking to vacate a judgment based on excusable default must demonstrate both a reasonable excuse for the default and a meritorious defense (CPLR 5015[a][1]; see Benson Park Assoc., LLC v Herman, 73 AD3d 464, 465 [1st Dept 2010]).
The preference for deciding cases on the merits does not justify vacating a default judgment where the moving party fails to satisfy the two-prong test of showing a reasonable excuse for the default and a meritorious defense (see Eisenstein v Rose, 135 AD2d 369, 370 [1st Dept 1987]).
Defendants failed to establish a meritorious defense in that collateral estoppel barred them from re-litigating the Housing Court's determination of the legal rent, as the Appellate Term properly concluded. Defendants had their day in court and failed to present evidence concerning individual apartment improvements and plaintiffs' alleged arrears. In light of this finding, we need not reach the other prong of reasonable excuse for the default.
Restitution was improper here because the court should have
declined to vacate the judgments for the reasons stated.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK