■ MICHAEL WILLIAM PRINTERY, INC., Appellant, v QUAL KROM, INC., Defendant and Third-Party Plaintiff-Respondent. SUE T. CRANE, Doing Business as S. TEMPER CRANE ASSOCIATES, Third-Party Defendant.—Levine, J.

Defendant, Qual Krom, Inc. (Qual Krom), entered into a contract with plaintiff through Qual Krom's agent, S. Temper Crane Associates (Crane), whereby plaintiff was to prepare and print 20,000 brochures for Qual Krom's use in advertising its chrome plating business. Conflicts which developed during the course of performance under the contract resulted in plaintiff commencing a suit against Qual Krom for breach of contract. Qual Krom responded, asserted counterclaims, and interposed a third-party claim against Crane. Thereafter, plaintiff brought on a motion for summary judgment. Special Term granted the motion due to Qual Krom's failure to timely serve papers in response to the motion. Qual Krom subsequently sought a vacatur of that default, contending that it had a meritorious defense and counterclaims and that its delay of several days in responding, attributable to law office failure, was not prejudicial to plaintiff. Special Term vacated the default and this appeal by plaintiff ensued.

On appeal plaintiff contends that Special Term abused its discretion in vacating Qual Krom's default and that, even

were such a vacatur warranted, summary judgment in plaintiff's favor was appropriate based upon the pleadings and papers submitted to the court. We disagree.

Since Qual Krom's delay in responding to plaintiff's application for summary judgment was brief, Qual Krom demonstrated the meritoriousness of its defense and counterclaims and an intention to defend the action, and plaintiff failed to establish prejudice, it was within Special Term's discretion to vacate the default which resulted from Qual Krom's law office failure (see, CPLR 2004, 5015 [a]; *Sanders & Assoc. v Hague Dev. Corp.,* 100 AD2d 964, 965; *Maze v Di Bartolo,* 97 AD2d 815). Plaintiff's contention that summary judgment in its favor was appropriate even after the vacatur of the default is unavailing. Qual Krom alleged in its answer to the complaint that it had informed plaintiff that proofs prepared for the advertisement brochure were unacceptable, that plaintiff therefore had notice that Crane lacked authority to accept the proofs for publication, and that a Qual Krom employee had mistakenly and without authority accepted several hundred of the printed brochures. Accordingly, since plaintiff's breach of contract action is based on Crane's acceptance of the proofs and Qual Krom's alleged acceptance of at least some of the printed brochures, questions of fact exist which preclude the granting of summary judgment.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.