■ JORDACHE ENTERPRISES, INC., Respondent, v GETTINGER ASSOCIATES, Appellant, et al., Counterclaim-Defendant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 8, 1991, which denied defendant Gettinger Associates' motion for summary judgment on its counterclaims for rent, additional rent and counsel fees, unanimously reversed, on the law, defendant's motion for summary judgment is granted and the matter is remanded for further proceedings to

assess amounts owed for each of the four leases, and for attorney's fees, with costs.

Plaintiff, Jordache Enterprises, the assignee of four commercial leases covering four separate premises in 1407 Broadway, Manhattan, commenced this action for, *inter alia,* rescission against defendant Gettinger Associates, as prime lessor. The complaint was based solely on the allegation that the defendant had fraudulently misrepresented the fact that the 43rd floor, which is only one of the four leased premises, had a valid Certificate of Occupancy allowing it to be used for storage. The IAS Court, in a judgment entered March 25, 1991, dismissed the complaint, holding, *inter alia,* that the absence of a Certificate of Occupancy did not entitle the plaintiff to terminate the four leases, where the absence of the certificate was readily cured by the subsequent acquisition by the defendant of a temporary amended Certificate of Occupancy for the space in question.

This Court affirmed the IAS Court's March 25, 1991 determination, holding that the IAS Court properly determined that plaintiff had no right to terminate the lease under the circumstances *(Jordache Enters. v Gettinger Assocs.,* 176 AD2d 616). In addition, it was determined that the plaintiff had failed to come forward with sufficient evidence to raise a triable issue of fact. Specifically, it was held that the plaintiff had failed to rebut defendant's documentary evidence, which established that the absence of a Certificate of Occupancy had not interfered with the plaintiff's possession and lawful use of the subject premises for storage, and that the plaintiff, therefore, had not suffered any damages *(supra).*

Thereafter, defendant Gettinger moved for summary judgment on its counterclaims for rent and attorney's fees. Plaintiff, in opposition, essentially reasserted its claim that absence of a Certificate of Occupancy for the 43rd floor space hindered its lawful use and occupancy of that space and argued that, therefore, defendant had constructively evicted it from all of the premises covered by the four leases. Plaintiff's defense to defendant's counterclaim, is merely an attempt to relitigate factual and legal issues decided by this Court on the prior appeal. Our prior determination in this action, that plaintiff failed to produce any evidence to establish that its lawful use of the subject premises had been interfered with by the absence of the Certificate of Occupancy, is the law of the case *(see, Commercial Trading Co. v Freidus,* 114 AD2d 292, 295).

In any event, the absence of a Certificate of Occupancy alone does not amount to a constructive eviction *(Silver v*

*Moe's Pizza,* 121 AD2d 376), particularly where, as in this case, the tenant cannot demonstrate that any wrongful acts by the landlord materially deprived it of the beneficial use of the premises subsequent to the commencement of the lease *(see, supra,* at 377). In fact, the record reflects that Jeanjer, the prime tenant and plaintiff's assignor, without obtaining a permit, cut a hole in the floor between 42nd and 43rd floors to accommodate an interior stairway, and that it was this action, and the fact that plaintiff insisted on using the subject space for "showroom and offices", when the authorized usage as set forth in the lease was for "storage", which precluded the issuance of a Certificate of Occupancy.

Finally, it is well established that paragraph 26 of the various leases in issue, which provides for the landlord to recover attorney's fees, is enforceable *(see, Columbia Corrugated Container Corp. v Skyway Container Corp.,* 37 AD2d 845; *see also, Chatanow Assocs. v 527 MDN Prop.,* 161 AD2d 258). Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Kassal, JJ.