■ RICHARD HOFFMAN, Appellant, v SNO HAUS SKI SHOPS OF HUNTINGTON, INC., Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Wager, J.), dated July 27, 1990, which denied his motion, *inter alia,* to vacate his default in complying with a conditional order of preclusion.

Ordered that the order is affirmed, with costs.

The plaintiff failed to respond to a demand for a bill of particulars and to demands for disclosure and, after failing to honor a request for compliance with those demands, defaulted in responding to the defendant's motion for an order of preclusion. He thereafter failed to respond to the defendant's request for compliance with a conditional order of preclusion. He also failed to respond to a letter from the defendant's counsel advising that a motion for summary judgment would be made, and defaulted in opposing the motion for that relief which was made three months later.

Although the plaintiff purports to explain some of his failures to respond, the failure to promptly move to vacate the order of preclusion, and his failure to promptly address the motion for summary judgment, remain unexplained *(see,* CPLR 5015 [a]). Moreover, although the plaintiff submitted affidavits addressing the merits of his underlying claim, in light of the pattern and length of the delays *(see, Sortino v Fisher,* 20 AD2d 25, 32; *cf., Mineroff v Macy's & Co.,* 97 AD2d 535), we see no reason to interfere with the Supreme Court's exercise of discretion in denying his motion. Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.

■ ERFANOL HOQUE, Appellant, v CITY OF NEW YORK et al., Defendants, and ZAFFUTO CONSTRUCTION CO., INC., Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated September 6, 1990, which denied his motion for a default judgment against the defendant Zaffuto Construction Co., Inc.

Ordered that the order is affirmed, with costs.

The plaintiff was not entitled to a default judgment as the motion papers in support of his application were defective *(see, Joosten v Gale,* 129 AD2d 531). Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.