■ ALLIED BUILDING PRODUCTS CORP., Formerly Known as ALLIED ROOFERS SUPPLY CORP., Respondent, v PETER J. CLARKE, Doing Business as C & H BUILDING PRODUCTS, Defendant, and KAREN E. CLARKE, Appellant.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly exercised its discretion in denying defendant's motion to vacate the default judgment because defendant Karen E. Clarke failed to establish a reasonable excuse for her failure to appear at trial (see, CPLR 5015 [a] [1]; Passalacqua v Banat, 103 AD2d 769). Defendant's failure to communicate or cooperate with her attorney does not excuse her default (see, Candeloro v Candeloro, 133 AD2d 731; Kirkman/3hree, Inc. v Priority AMC/Jeep, 94 AD2d 870), particularly when the lack of communication was largely due to defendant's refusal to accept any mail concerning the litigation (see, Cherney v De Rosa, 61 AD2d 931, lv denied 45 NY2d 733; see also, Personnel Sys. Intl. v Clifford R. Gray, Inc., 146 AD2d 831). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Vacate Default Judgment.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.

■ MAHAN DISCOUNT LIQUOR & WINE, INC., Appellant, v MADELINE ZUFFUTO et al., Respondents.—Order and judgment unanimously affirmed with costs. Memorandum: We affirm for reasons stated in the decision at Supreme Court (Cornelius, J.). We add only that plaintiff failed to preserve for review its argument that the deed restrictions should be extinguished because defendants did not seek to enforce them. (Appeal from Order and Judgment of Supreme Court, Monroe County, Cornelius, J.—RPAPL Article 19.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.