■ KELLI ANDERSON, Respondent, v PENNY J. DOTEN et al., Defendants, and FORD MOTOR COMPANY, MERCURY DIVISION, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered January 13, 1992 in Albany County, which denied defendant Ford Motor Company, Mercury Division's motion to dismiss the complaint against it for want of prosecution.

Plaintiff commenced this action against, among others, defendant Ford Motor Company, Mercury Division (hereinafter defendant) on or about December 29, 1989 and defendant answered on or about January 30, 1990. On June 24, 1991, defendant served a 90-day demand to file a note of issue pursuant to CPLR 3216 (b) (3). Plaintiff did not comply with the demand and defendant subsequently moved to dismiss the complaint for failure to prosecute pursuant to CPLR 3216 (e). Supreme Court denied the motion and this appeal by defendant followed.

"In order to defeat a motion to dismiss for failure to

---

prosecute under CPLR 3216, a plaintiff is required to demonstrate both a justifiable excuse for a late filing and a good and meritorious cause of action" *(Juracka v Ferrara,* 137 AD2d 921, 922 [citations omitted], *lv dismissed* 72 NY2d 840, *lv denied* 74 NY2d 642; *see, Danskin v Gunther,* 155 AD2d 859). Assuming, without deciding, that the affidavit submitted by plaintiff's counsel, which refers to plaintiff's examination before trial testimony and verified bill of particulars, is sufficient to establish a meritorious cause of action *(see, Pastore v Golub Corp.,* 184 AD2d 827, 828; *Dick v Samaritan Hosp.,* 115 AD2d 917, 919), plaintiff nevertheless has failed to establish a justifiable excuse for the delay. Plaintiff's counsel avers that he "fell behind in [his] work during a seven month period [February 16, 1990 to September 16, 1990] when [he] had an accident and suffered a serious leg injury [and] inadvertently overlooked filing the note of issue". Although illness of an attorney may constitute a reasonable excuse for a default *(see, Chery v Anthony,* 156 AD2d 414, 416-417), the demand here was not received by plaintiff's counsel until June 26, 1991; the default therefore occurred well beyond counsel's period of disability and, hence, cannot be excused *(see, Borgia v Interboro Gen. Hosp.,* 59 NY2d 802; *Reed v Friedman,* 117 AD2d 661). Moreover, no extension was sought by plaintiff's counsel and it appears that his office initially indicated that counsel would comply with the demand. Finally, we note that defendant previously was required to move for an order of preclusion due to plaintiff's failure to respond to various discovery demands. Under the circumstances, we conclude that Supreme Court abused its discretion in denying defendant's motion to dismiss.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed against defendant Ford Motor Company, Mercury Division.