■ In the Matter of MALE J., Also Known as MICHAEL J., a Child Alleged to be Permanently Neglected. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; JAMIE J., Appellant. [625 NYS2d 179] —Order, Family Court, New York County (Mary Bednar, J.), entered on or about December 4, 1990, which denied respondent mother's motion to vacate her default at a fact-finding hearing and final order of disposition of the same court and Judge, entered on or about July 30, 1991, which terminated respondent mother's parental rights, unanimously affirmed, without costs.

The court did not improperly exercise its discretion in denying respondent's motion to vacate her default at the fact-finding hearing since her moving papers failed to demonstrate a reasonable excuse for her absence or a meritorious defense (CPLR 5015 [a] [1]; *Matter of "Male" Jones,* 128 AD2d 403; *see also, Matter of Ali Khalil B.,* 204 AD2d 213). Her spurious claim of illness was properly rejected since she never notified the petitioner agency, the court or her attorney of her purported illness, proffered no doctor's note or prescription to verify her claim, and this was only one instance in a repeated pattern of lateness *(see, Matter of Jazel Dominique D.,* 209 AD2d 410; *Matter of Ali Khalil B., supra).* Moreover, although the allegations against respondent were based on her substance abuse problem, she never negated those allegations by asserting that she had completed a rehabilitation program or that she was drug and alcohol-free *(see, Matter of Raymond Anthony A.,* 192 AD2d 529, *lv dismissed* 82 NY2d 706). Petitioner established by clear and convincing evidence that respondent permanently neglected her son (Social Services Law § 384-b [4] [d]; [7] [a]). Contrary to respondent's contention, her attorney's failure to participate in the fact-finding hearing in respondent's absence was not ineffective representation, but rather preserved respondent's opportunity to seek to open the default. *(Matter of Geraldine Rose W.,* 196 AD2d 313, *lv dismissed* 84 NY2d 967.)

The court also properly concluded that the best interests of the child required that custody rights be transferred to petitioner for adoption purposes. The evidence established that respondent's chronic substance abuse and mental instability prevented her from properly caring for this emotionally troubled child who needs a caretaker with special training such as the foster mother has received.

We have considered respondent's additional contention and find it to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Williams, JJ.