■ RIBHIA FARRAJ, Individually and as Mother and Natural Guardian of RANDA FARRAJ, an Infant, et al., Respondents, v OTSEGO MUTUAL FIRE INSURANCE COMPANY, Appellant. [643 NYS2d 398] —In an action for a judgment declaring that the defendant must defend and, if necessary, indemnify the plaintiffs for an accident occurring in August 1989, the defendant appeals from (1) an order of the Supreme Court, Kings County (Huttner, J.), dated February 28, 1995, which, upon the defendant's default in submitting opposition papers, granted the plaintiffs' motion for summary judgment, and (2) an order of the same court, dated August 29, 1995, which denied its motion (1) for what was denominated as renewal, but which was in actuality for reargument, (2) for resettlement of the decretal paragraphs of the order dated February 28, 1995, to add a

decretal paragraph denying its application for an adjournment, and (3) to vacate its default in opposing the plaintiffs' motion for summary judgment.

Ordered that the appeal from the order dated February 28, 1995, is dismissed; and it is further,

Ordered that the appeal from so much of the order dated August 29, 1995, as denied those branches of the defendant's motion which were for reargument and resettlement are dismissed, and that order is otherwise affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

As the defendant acknowledged in its notice of appeal, the order dated February 28, 1995, was entered upon its default in submitting opposition papers. Therefore, its appeal from that order must be dismissed, since no appeal lies from an order entered upon the default of the appealing party (see, CPLR 5511).

The defendant's appeal from so much of the order dated August 9, 1995, as denied those branches of its motion which were for reargument and resettlement of the decretal paragraphs of the order dated February 28, 1995, are dismissed (see, DeFreitas v Board of Educ., 129 AD2d 672; Blume v Blume, 124 AD2d 771).

That branch of the motion which was to vacate its default in submitting opposition papers was properly denied, since the defendant failed to establish a reasonable excuse for the default (see, Correa v Ahn, 205 AD2d 575). Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.