■ In the Matter of MARTIN WYNYARD, Respondent, v RoTRAUT L. U. BEINY et al., Appellants, et al., Intervenor-Petitioner. In the Matter of MARTIN WYNYARD et al., Respondents, v ANTIQUE COMPANY OF NEW YORK, INC., et al., Respondents, and ELISABETH WEINBERG et al., Appellants. In the Matter of MARTIN WYNYARD, Respondent, v ANTIQUE COMPANY OF NEW YORK, INC., et al., Respondents, and ELISABETH WEINBERG et al., Appellants. [644 NYS2d 41]

This is the latest in a succession of appeals in a dispute between petitioner Martin Wynyard and his sister, respondent Rotraut L. U. Beiny, concerning the disposition of antique porcelain and other works of art accumulated by their father, Hans Weinberg (*Matter of Beiny*, 129 AD2d 126, *rearg denied* 132 AD2d 190, *lv dismissed* 71 NY2d 994). The collection is owned by the Antique Company of New York (ACNY), of which respondent Rotraut L. U. Beiny is president and chief executive officer. She was also (until June 1, 1989) a co-trustee of two irrevocable trusts created by her mother, Elizabeth Beiny, for the benefit of petitioner's family (Wynyard trusts), the corpus of which is 45% of the voting and non-voting stock of ACNY, and a beneficiary of two similar trusts for the benefit of her family (Beiny trusts), the corpus of which is the remainder of the ACNY stock (*Matter of Beiny [Weinberg]*, 164 AD2d 233, 235).

Fundamentally at issue in this matter is whether respondent Rotraut Beiny (respondent), as trustee of the Wynyard family trusts or as the principal of ACNY, diverted corporate assets to certain Liechtenstein trusts, of which respondent is the sole beneficiary. Petitioner Wynyard commenced three related special proceedings in Surrogate's Court, seeking: (1) judicial settlement of a trust accounting of the Wynyard trusts, together with an order compelling respondent to account in her capacity as chief operating officer of ACNY, (2) judicial dissolution of ACNY pursuant to Business Corporation Law § 1104-a, on the grounds of oppressive conduct and waste by the majority shareholder and by the corporate officers and directors, and (3) specific performance of an asserted agreement to pledge the 55% of ACNY stock held by the Beiny trusts to secure respondent's attendance at the accounting proceedings.

In the course of the litigation, the Surrogate issued orders restraining the transfer or disposition of any assets of ACNY or of the Liechtenstein trusts. Respondent was adjudicated to be in contempt of court for violation of the orders (*Matter of Beiny [Weinberg]*, supra, at 236). She was arrested pursuant to a warrant issued by the Surrogate and produced in court whereupon, as indicated by an order dated November 8, 1991

(Preminger, S.), there was some discussion of respondent's pledge of the 55% interest of ACNY stock held by the Beiny trusts to secure her attendance in court and her compliance with the orders. However, this Court subsequently decided that, because the trustees refused to consent to the pledge of stock and because respondent is only the beneficial and not the legal owner of the shares, respondent is without power to pledge trust assets. Accordingly, we held that specific performance of any such pledge was impossible and was, thus, properly denied (*Matter of Wynyard v Beiny*, 214 AD2d 344). A determination of impossibility is binding upon this Court as law of the case (*Jordache Enters. v Gettinger Assocs.*, 182 AD2d 488, *lv dismissed* 80 NY2d 925; *Fiore v Oakwood Plaza Shopping Ctr.*, 178 AD2d 312; *Jason v Chusid*, 172 AD2d 172, *lv dismissed* 78 NY2d 1008), and the petition seeking specific performance must therefore be dismissed. Although respondent's conduct in these proceedings has been contumacious, the Surrogate's seizure of respondent's passports does not appear to have accomplished its intended purpose of securing her presence at the accounting proceeding, and their retention serves no further purpose.

Surrogate's Court's grant of petitioner Wynyard's application for a protective order, issued in connection with the accounting proceeding, was not an improvident exercise of discretion. A year passed without any oral examination pursuant to the open commission to depose the expert in England. Movant's assertion that the witness would be available in New York was not controverted. The Surrogate noted that conducting the deposition here would result in cost savings and that respondent and other members of her family have no constitutional right to attend the deposition. No affidavit has been submitted attesting to any inconvenience on the part of the expert witness, and the convenience of the parties, asserted in opposition to the application, is not an appropriate factor to be considered in deciding the issue. Concur—Sullivan, J. P., Milonas, Rubin, Tom and Mazzarelli, JJ.