■ JOE RODRIGUEZ, Respondent, v DOMINICK COLASUONNO et al., Appellants. [656 NYS2d 302] —In an action, *inter alia,* to recover damages for breach of an oral joint-venture agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated March 14, 1996, as, upon granting their motion to dismiss the complaint pursuant to CPLR 3216, conditioned the dismissal on the plaintiff's failure to pay $750 to the defendants as and for legal fees and to provide discovery.

Ordered that the order is modified, on the law, by deleting the provisions thereof which conditioned the dismissal of the complaint on the plaintiff's failure to comply with the directives of the court; as so modified, the order is affirmed, with costs to the appellants, and the complaint is dismissed.

Once a conditional order of dismissal becomes effective by its

terms (*see, Bock v Schiowitz,* 168 AD2d 593), a plaintiff can open up his default only by establishing a reasonable excuse for his delay and a meritorious cause of action (*see, Zirin v Brookdale Hosp. Med. Ctr.,* 216 AD2d 461). The plaintiff has failed to proffer any explanation for his failure to timely comply with the discovery demands, and thus the Supreme Court improvidently exercised its discretion in granting the defendants' motion to dismiss the complaint "unless" the plaintiff provided the requested discovery and paid $750 to the defendants as legal fees (*see, Carven Assocs. v American Home Assur. Corp.,* 175 AD2d 790). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.