■ CONCH ASSOCIATES, INC., Appellant, v MERCURY, INC., Respondent, et al., Defendants. [666 NYS2d 499] —In an action to

recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered February 21, 1997, which, in effect, upon a motion of the defendant Mercury, Inc., for an extension of time to post a bond pursuant to CPLR 2004, *sua sponte* modified a previous order of the same court dated February 7, 1996, by deleting the provision thereof granting a motion of the defendant Mercury, Inc., to vacate a judgment entered against it upon its default in answering the complaint upon the condition, *inter alia*, that it post a bond, and substituting therefor a provision granting the motion without condition.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order entered February 21, 1997, is reversed, on the law and as a matter of discretion, with costs, so much of the order dated February 7, 1996, as granted the motion of the defendant Mercury, Inc., to vacate a judgment entered against it upon its default in answering the complaint upon the condition, *inter alia*, that it post a bond, is vacated, the motion of the defendant Mercury, Inc., to vacate the judgment entered against it upon its default in answering the complaint is denied, and the judgment of default entered against the defendant Mercury, Inc., is reinstated.

The Supreme Court improvidently exercised its discretion in granting the motion of the defendant Mercury, Inc., to vacate the judgment entered against it upon its default in answering the complaint. Mercury, Inc., failed to demonstrate that it had a reasonable excuse for its delay, that its defense had merit, that its delay was not willful, and that there was no prejudice to its opponent (*see, e.g., William Printery v Qual Krom, Inc.,* 124 AD2d 277; *Rondout Val. Publ. Co. v AM Intl.,* 93 AD2d 912; *cf., Coughlin v Merchants Mut. Ins. Co.,* 58 AD2d 913; CPLR 2005, 5015 [a]).

Mercury, Inc., was not entitled to an extension of time to post a bond under CPLR 2004 because it failed to satisfy the prerequisites for a finding of good cause for such relief (*see, e.g., Tewari v Tsoutsouras,* 75 NY2d 1, 12). Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.