■ BARBARA VAN KLEECK et al., Respondents, v HORTON MEMORIAL HOSPITAL, Appellant. [673 NYS2d 1021] —In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated July 30, 1997, which granted the plaintiffs' motion to vacate a judgment in favor of the defendant dated December 12, 1996, entered on the plaintiffs' default, and to restore the action to the trial calendar on certain conditions.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, and the judgment dated December 12, 1996, is reinstated.

It is well settled that to vacate an order or judgment entered upon a party's default, the movant must establish both a valid excuse for the default and a meritorious cause of action (see, Masotto v Bravata, 244 AD2d 390; Brown v Ryder Truck Rental, 172 AD2d 477). The plaintiffs offered little to explain

their repeated failure to appear for scheduled conferences (see, 22 NYCRR 202.27). What explanation was offered amounted to nothing more than bald conclusory allegations of law office failure, which were insufficient to establish an excusable default (see, Matter of People v New Woman, 197 AD2d 525; Transit Graphics v Arco Distrib., 202 AD2d 241; American Sigol Corp. v Zicherman, 166 AD2d 628). Thus, the motion to vacate the judgment should have been denied. O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.