■ Morris Dubinsky, Appellant, v Andrew E. Rykowsky et al., Defendants, and County of Nassau, Respondent. [698 NYS2d 727] —In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated August 31, 1998, which granted, "in the interests of justice", a motion by the defendant County of Nassau to vacate an interlocutory judgment of the same court (Collins, J.), entered January 24, 1997, which was in favor of the plaintiff and against it on the issue of liability and directing an inquest on the issue of damages.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the interlocutory judgment entered January 24, 1997, is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance with the judgment.

Following a fatal automobile accident, a lawsuit was commenced in which certain discovery was demanded of the defendant County of Nassau. A year after the plaintiff served all of the defendants with discovery demands, there was still no satisfactory response from the County. The plaintiff moved to strike the County's answer, and the court granted the motion

in a self-executing order dated July 26, 1995, unless the County complied with the outstanding discovery requests on or before August 10, 1995. The County did not do so, but rather filed a notice of appeal on September 7, 1995. The County argued that the sanction was excessive in that its non-compliance had not been willful. By decision and order dated October 15, 1996, this Court affirmed the order of the Supreme Court (*see, Dubinsky v Rykowsky,* 232 AD2d 447).

Thereafter, on January 24, 1997, Justice Collins signed the plaintiff's proposed interlocutory judgment in response to the plaintiff's application, accompanied by proof that discovery was still incomplete. The defendant County never appealed from this interlocutory judgment. Rather, 17 months later it brought on the instant motion "pursuant to CPLR 5015" to vacate the interlocutory judgment "in the interest of justice", notwithstanding that this is not a ground listed in CPLR 5015. The court granted the County's motion "in the interests of justice", relying upon a boilerplate "certification" signed by all parties before Justice Collins on January 19, 1996, directing the plaintiff to file a note of issue because, *inter alia,* discovery was complete.

The interest of justice is not a ground for relief under CPLR 5015 (*see, Matter of McKenna v County of Nassau, Off. of County Attorney,* 61 NY2d 739, 741-742). In addition, the court was without authority to vacate a judgment from which no appeal had been taken and which was based upon an issue that had already been fully litigated and conclusively determined by a court of coordinate jurisdiction as well as by this Court (*see, Matter of McKenna v County of Nassau, Off. of County Attorney, supra; see also, Bray v Gluck,* 235 AD2d 72; *Matter of Steck v Jorling,* 227 AD2d 849; *Jordache Enters. v Gettinger Assocs.,* 182 AD2d 488, 489). Altman, J. P., Friedmann and Krausman, JJ., concur.

McGinity, J., dissents, and votes to affirm the order with the following memorandum in which Schmidt, J., concurs: I respectfully dissent and vote to affirm the order.

I believe that the sanction of striking the County's answer was, under the circumstances of this case, unduly harsh and constituted an abuse of discretion, and thus I dissent.

An exposition of the underlying facts of this case illustrates the inappropriateness of such an extreme sanction. At 10:00 A.M. on January 2, 1993, the decedent Gertrude Dubinsky was driving her automobile north on South Oyster Bay Road in the Town of Oyster Bay, County of Nassau. As Mrs. Dubinsky's automobile was passing through the intersection of South Oys-

ter Bay Road and Terrehans Road, she was struck by a van operated by the defendant Andrew Rykowsky, traveling east on Terrehans Road. Mrs. Dubinsky sustained massive injuries and died as a result of the accident. Critical to this appeal, there were two nonparty eyewitnesses to this tragic accident. One witness testified that the light was red for northbound traffic, the direction in which Mrs. Dubinsky was traveling, and he observed the collision between a van and a "dark blur" (the vehicle operated by Mrs. Dubinsky). Another eyewitness testified that he observed Mrs. Dubinsky's vehicle traveling northbound on South Oyster Bay Road and "proceed through a red light". Mrs. Dubinsky's vehicle had a clear lane to travel and as it was proceeding through the intersection, the van "bulldozed" her vehicle. Further, according to this eyewitness, Mrs. Dubinsky was not wearing a seat belt at the time of the accident.

Mrs. Dubinsky's husband commenced the instant action against the owner and operator of the van as well as the Town of Oyster Bay and the County of Nassau, alleging that their negligence had contributed to his wife's wrongful death. Insofar as relevant to this appeal, the plaintiff alleged that the County had negligently maintained the intersection involved, in that the traffic lights were improperly timed, the posted speed limit was dangerous, and the intersection was poorly designed and repaired.

During the pretrial phase of this action, the plaintiff served several discovery notices on the County seeking, *inter alia*, maintenance and repair records of the traffic control devices, complaints regarding accidents at the subject intersection, contractor's service records, and various reports. The absence of a satisfactory response by the County prompted a motion to strike its answer. The Supreme Court ordered the answer stricken unless the County produced the outstanding discovery by a specified date, and this Court affirmed that order (*see, Dubinsky v Rykowsky*, 232 AD2d 447). Thereafter, satisfied that the County did not comply with its previous order, the Supreme Court struck the County's answer and awarded the plaintiff an interlocutory judgment against the County "on the issue of liability". The County did not, however, appeal from the interlocutory judgment.

Some 17 months later, the County moved to vacate the interlocutory judgment "in the interests of justice". The Supreme Court granted the motion, noting the traditional power of a court to grant relief from a judgment in the interest of justice and finding that the parties' execution of a certification order

signifying that the action was ready for trial rendered the conditional order academic.

While undoubtedly the County did not diligently respond to the plaintiff's request for discovery, under the circumstances of this case the extreme sanction of striking the County's answer was not warranted. Based upon the facts in the record relating to the happening of the accident, the anomalous situation is presented wherein the County is found liable to the plaintiff notwithstanding the paucity of proof to support such a result, particularly in light of the observations of the eyewitnesses. The interlocutory judgment requires the plaintiff to proceed with the trial on the issue of liability against the remaining defendants followed by a trial to determine damages for which the County will be responsible. The plaintiff has been relieved of the obligation of presenting, at a minimum, a prima facie case of liability against the County, and, given the circumstances of the happening of the accident, it is manifestly unfair to impose liability on the County. In addition, there will be no assessment of Mrs. Dubinsky's responsibility for the accident vis-à-vis the County.

CPLR 3126 provides for alternative penalties to be imposed upon a recalcitrant party short of striking pleadings, which penalties should have been used here. While the underlying application to vacate the judgment does not come within the enumerated grounds of CPLR 5015 (*cf., Matter of McKenna v County of Nassau, Off. of County Attorney,* 61 NY2d 739, 741-742), nevertheless, the Supreme Court properly exercised its inherent power to relieve a party from a judgment "for sufficient reason in the furtherance of justice" (*Ladd v Stevenson,* 112 NY 325, 332; *see, Matter of Delfin A.,* 123 AD2d 318, 320; 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12).