■ CECILIA REID, Appellant, v CALVIN McLEARY, Respondent. [706 NYS2d 179] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Huttner, J.), dated October 13, 1998, as granted that branch of the defendant's motion which was for summary judgment dismissing the first, second, third, and fourth causes of action in the complaint, upon her default in opposing the motion, and (2) so much of an order of the same court, dated November 18, 1998, as denied her motion, in effect, to vacate her default in opposing the defendant's prior motion.

Ordered that the appeal from the order dated October 13, 1998, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see,* CPLR 5511;

*Marquise. Collection v M.A.S. Textiles Corp.,* 239 AD2d 470; *Matter of Mitcham v Mitcham,* 125 AD2d 473); and it is further,

Ordered that the order dated November 18, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant's motion to dismiss the first four causes of action was granted upon the plaintiff's failure to appear or to submit opposition papers. In order to prevail on her subsequent motion to vacate her default, the plaintiff was required to demonstrate a reasonable excuse and that the subject causes of action were meritorious (*see, Correa v Ahn,* 205 AD2d 575).

The explanation offered by the plaintiff's attorney for his failure to timely oppose the defendant's motion did not provide a reasonable excuse for the default (*see, Farraj v Otsego Mut. Fire Ins. Co.,* 227 AD2d 585; *Correa v Ahn, supra*). Furthermore, the plaintiff did not establish that the subject causes of action were meritorious since she sought, in essence, to enforce an oral agreement that was void as against public policy (*see, Lowe v Quinn,* 27 NY2d 397, 400).

The plaintiff alleged in the complaint that the defendant, who was then married, agreed to marry her after he obtained a divorce and to share his assets with her in exchange for certain domestic services. After entering into the alleged agreement, the parties lived together for eight years, and the plaintiff did not dispute that the relationship involved sexual relations. No cause of action exists to enforce an agreement the main objective of which is to dissolve a marriage and to facilitate a divorce (*see, Lowe v Quinn, supra; Paulus v Kuchler,* 214 AD2d 608; *Pfeiff v Kelly,* 213 AD2d 916; *Rose v Elias,* 177 AD2d 415). Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate her default. O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.