OPINION OF THE COURT
Martin E. Ritholtz, J.
Should the failure of plaintiffs’ counsel to appear at a scheduled compliance conference result in the dismissal of this action? What are the circumstances which would warrant the vacatur of such a default dismissal order?
*171 Prior to addressing the specifics of this case, it is important to note the present legal basis and purpose of a compliance conference.
CCJP, DCM, and the Purpose of a Compliance Conference
In March 1999, the Unified Court System launched a Comprehensive Civil Justice Program (CCJP), which featured a system of Differentiated Case Management (DCM), wherein all cases are screened from the onset and assigned a specific track — expedited, standard or complex — with designated time frames for milestone events. The purpose of this initiative as set forth in a 31-page report was to abandon an inefficient system of “merely assigning and processing cases,” and to replace instead one which would “affirmatively manage them,” incorporating DCM procedures, which require tracking of each case based on its complexity, followed by “rigorous judicial monitoring” throughout the life of the case to ensure compliance with key milestones. (See, <http://www.courts.state.ny.us/civll4.htm> [accessed July 30, 2002].) In accordance with the aforementioned initiative, the Uniform Rules for Trial Courts were amended on April 30, 1999 to include a new rule, entitled “Differentiated Case Management” (see, 22 NYCRR 202.19). Said rule provides for the following milestones: (1) Preliminary Conference — to be held within 45 days after the filing of the request for judicial intervention (RJI), (2) Compliance Conference — to be held no later than 60 days before the filing of the note of issue, and (3) Note of Issue — to be filed: (a) no later than eight months after the filing of an RJI on an “expedited” track; (b) no later than 12 months after the filing of an RJI on a “standard” track; and (c) no later than 15 months after the filing of an RJI on a “complex” track. The purpose of the “Compliance/Settlement Conference” (the name originally proposed in the CCJP Report at page 10, and hence the name of this part, Le., CSCP), as set forth in the new rule, is to “monitor the progress of discovery, explore potential settlement, and set a deadline for the filing of the note of issue” (see 22 NYCRR 202.19 [b] [3]).
Factual Background of this Case
Plaintiffs commenced this action on March 29, 1999 to recover money damages for personal injuries allegedly sustained on March 23, 1998, as a result of a fall on defendant’s sidewalk. The defendant served an answer on June 2, 1999, and simultaneously therewith served plaintiffs with a demand for bill of particulars and other discovery demands. Plaintiffs failed to respond within 30 days, nor did they assert objections to any of the items in the demand, as required by CPLR 3042 (a).
*172 It appears that on August 31, 2000, defense counsel wrote to plaintiffs’ attorney requesting compliance with the demands of June 2, 1999 in a good faith effort to avoid motion practice, in accordance with 22 NYCRR 202.7. There being no response to that letter, defendant moved pursuant to CPLR 3126 (3) to dismiss plaintiffs’ complaint for failure to respond to defendant’s demand for a bill of particulars. Plaintiffs defaulted on the motion, and in an order dated November 17, 2000, Honorable Martin J. Schulman conditionally dismissed the complaint, unless plaintiffs served “a verified bill of particulars within 30 days from service of a copy of this order.”
As a result of the RJI filed with the motion to dismiss, a preliminary conference was scheduled to be held on November 14, 2000. Plaintiffs’ counsel failed to appear on said date, and the conference was adjourned to November 28, 2000. A courtesy letter was sent by defense counsel to plaintiffs’ attorney advising him of said adjournment.
On November 28, 2000, plaintiffs’ attorney appeared at the preliminary conference, and stipulated in writing to serve a bill of particulars on or before 60 days, which stipulation was “so ordered” by Honorable Martin J. Schulman. When plaintiffs failed to comply with the preliminary conference order, a copy of Honorable Schulman’s conditional dismissal order of November 17, 2000 with notice of entry was served on plaintiffs’ counsel on March 22, 2001. Again there was no compliance, and no motion was made by plaintiffs’ counsel to vacate Honorable Schulman’s order.
On June 21, 2001, defense counsel appeared for a compliance conference which had been set down in the preliminary conference order. Plaintiffs’ counsel failed to appear at said conference, and upon the affidavit of defense counsel, dated June 20, 2001, indicating the repeated defaults of plaintiffs, the court issued an order, dismissing the complaint, and the dismissal was noted upon the calendar. As stated in the order of the court, dated June 21, 2001, said dismissal was authorized pursuant to 22 NYCRR 202.27, and pursuant to the conditional dismissal order of Honorable Schulman, dated November 18, 2000. It appears that on July 12, 2001, a copy of the aforementioned order with notice of entry was served on plaintiffs’ counsel.
Plaintiffs’ Request to Vacate the Dismissal
More than nine months elapsed from the date of service of the dismissal order before plaintiffs moved herein by order to show cause to vacate said dismissal. In the instant motion, plaintiff Aderemi Fujah contends that on October 27, 1999, he was arrested by federal marshals for alleged immigration viola *173 tions and. was initially detained in Maryland, and subsequently in Hamilton, Georgia, until his release from federal immigration detention in November of 2001. Plaintiff argues that this incarceration “created practical difficulties beyond my control which makes compliance with the discovery deadlines of the defendant impossible.” In a supporting affirmation, plaintiffs’ counsel claims that on November 28, 2001 at the preliminary conference he had a conversation with defense counsel “explaining to him my predicament regarding plaintiff’s detention and the delay in complying with defendant’s discovery demands.” Plaintiffs’ attorney further argues that “my failure to attend the Compliance Conference on June 21, 2001 and comply with discovery demands from the defendant was due to my frustration arising out of my inability to comply with the order of the Court due to plaintiff’s incarceration * * * my absence was not meant to disobey or disrespect the order of the Court. Such tardiness is deeply regretted.” Based on the foregoing and upon an affidavit of merits, plaintiffs seek to vacate the dismissal of this action, pursuant to CPLR 5015 (a) “in the interest of justice.”
The Defense Opposition
The defendant vigorously opposes the motion based on the following cogent argument: “At no time did plaintiff’s attorney ever advise this court that plaintiff was in any form of detention. At no time did counsel ever request an extension of time in this matter.” According to defendant, plaintiffs’ counsel “totally ignored the directives of this Court,” and has utterly failed to establish a reasonable excuse for their defaults. Defendant further contends that it would be severely prejudiced should the within motion be granted, since more than four years have elapsed from the date of the accident, and although the principal of the defendant corporation was available for deposition pursuant to the preliminary conference order, he has since retired, become ill, and moved to Florida.
The Law on Defaults
(a) Default on a Conditional Preclusion Order
It is well settled that when a plaintiff fails to comply with a conditional order of preclusion, the order becomes absolute (see, Jenkinson v Naccarato, 286 AD2d 420; Kepple v Hill Assoc., 275 AD2d 299; Ha v B.H.N.V. Realty Corp., 273 AD2d 458; Alphonse v UBJ Inc., 266 AD2d 171; Tirone v Staten Is. Univ. Hosp., 264 AD2d 415; Barriga v Sapo, 250 AD2d 795; Michaud v City of New York, 242 AD2d 369; Rodriguez v Colasuonno, 238 AD2d 329). Having failed to promptly move to *174 vacate the default order of conditional preclusion, which resulted in an automatic final preclusion, the plaintiffs were bound by that order (see, Hoffman v Sno Haus Ski Shops of Huntington, 185 AD2d 874; Trinchera v Yonkers Gen. Hosp., 131 AD2d 841). Since plaintiffs are precluded from offering any evidence concerning matters demanded by the bill of particulars, they will be unable to prove the essential allegations of their complaint, and therefore summary judgment, dismissing their complaint, was appropriate (see, Bock v Schiowitz, 168 AD2d 593; Fuller v Tae Kwon, 259 AD2d 662; Kaire v Trump Mgt., 140 AD2d 494; Centenni v St. Peter of Alcantara, 99 AD2d 525).
(b) Default in Appearance at a Compliance Conference
As noted above, a major function of the compliance conference is to “monitor the progress of discovery” (see, 22 NYCRR 202.19 [b] [3]). An important Appellate Division decision, Lopez v Imperial Delivery Serv. (282 AD2d 190, 196, lv dismissed 96 NY2d 937), succinctly sets forth the enforcement mandate of the courts as follows: “The court’s obligation is to keep a close rein on its assigned cases by giving dates for completion of discovery and, if discovery is not completed timely, to impose sanctions pursuant to CPLR 3216 and 3126, 22 NYCRR 130-2.1 or 202.27” (see also Johnson v Minskoff & Sons, 287 AD2d 233). Pursuant to 22 NYCRR 202.27: “At any scheduled call of a calendar or at any conference * * * (b) If the defendant appears but the plaintiff does not, the judge may dismiss the action.” In Basetti v Nour (287 AD2d 126, 134), the Appellate Division focused on the significance of a default in appearing at a scheduled court calendar or conference as follows: “a default should be treated consistently with what it is, a serious failure to recognize the importance of the orderly disposition of cases.” Although the failure to appear at a compliance conference may not always warrant the drastic remedy of dismissal or the striking of an answer, and alternate sanctions may suffice, nevertheless, there are instances, such as the instant motion, where defaults are the pattern, not the exception, and dismissal is mandated.
Is Vacatur of the Default Warranted?
In the words of movant plaintiffs, their grounds for vacatur are “pursuant to Section 5015(a) of the CPLR * * * in the interest of justice.” It is well established that the interest of justice is not a ground for relief under CPLR 5015 (see, Matter of McKenna v County of Nassau, 61 NY2d 739, 741-742; Dubinsky v Rykowsky, 266 AD2d 496).
In order to be relieved of their default, the plaintiffs were required to demonstrate both a reasonable excuse and a *175 meritorious cause of action (see, CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138). While “law office failure” may under certain circumstances constitute a reasonable excuse for a default and thus justify the vacatur of a prior determination of the court, there must be detailed allegations of fact which explain the reason for such a failure, and vague, unsubstantiated excuses will be rejected. (See, Eretz Funding v Shalosh Assoc., 266 AD2d 184; Fennell v Mason, 204 AD2d 599; Putney v Pearlman, 203 AD2d 333; Morris v Metropolitan Transp. Auth., 191 AD2d 682.) Having failed to comply with a conditional order of preclusion, it was incumbent upon plaintiffs to show that the default was excusable, and a conclusory affirmation of plaintiffs’ counsel is insufficient (see, Gourdet v Hershfeld, 277 AD2d 422; Reid v McLeary, 271 AD2d 668; Desena v 486 Henry Supermarket, 269 AD2d 557; OCI Mtge. Corp. v Murphy, 258 AD2d 633; Tolliver v County of Nassau, 231 AD2d 708; Dayton Towers Corp. v Katz, 208 AD2d 494). Plaintiffs’ failure was part of a pattern of “repeated neglect” rather than an “isolated, inadvertent mistake” (see, North Fork Bank v Martin, 257 AD2d 613, 613). A “pattern of willful default and neglect” should not be excused (see, Titan Realty Corp. v Schlem, 283 AD2d 568, 568; Wynne v Wagner, 262 AD2d 556; Roussodimou v Zafiriadis, 238 AD2d 568). The wilful and contumacious character of plaintiffs’ default can be inferred from their noncompliance with court orders, coupled with inadequate excuses for these defaults (see, Kingsley v Kantor, 265 AD2d 529).
There are instances where a failure to appear at a scheduled conference can be excused, and a dismissal would be vacated (see, Jones v New York City Tr. Auth., 293 AD2d 322; Levy v New York City Hous. Auth., 287 AD2d 281; Haberlin v New York City Tr. Auth., 228 AD2d 383). However, under the circumstances herein, where the inability to provide a bill of particulars was purportedly due to the incarceration of the plaintiffs, there was a greater duty on the part of plaintiffs’ counsel to appear at a scheduled compliance conference, in order to seek the appropriate relief from the court. Being frustrated and apologetic for tardiness does not excuse a blatant disregard of court orders, compounded by an inexplicable failure to appear at a compliance conference, and such conduct should not be countenanced (see, Syed v Fedor, 296 AD2d 399; Yong Gon Cha v Warwick Hotel, 272 AD2d 154; Piacentini v Mineola Union Free School Dist., 267 AD2d 290; Campenni v Ridgecroft Estates Owners, 261 AD2d 496; Van Kleeck v Horton Mem. Hosp., 251 AD2d 494; Ranfort v Peak Tours, 250 AD2d 747; Yin Kuen Chan Tang v Hong Kong Chinese Herbal Co., 235 AD2d 282; *176 Martinez v Otis El. Co., 213 AD2d 523; Zapell v Mecca, 190 AD2d 791).
Furthermore, plaintiff Aderemi Fujah has failed to offer an excuse for not having communicated with his counsel by mail or phone during his incarceration, which would have enabled him to respond to the outstanding demand for a bill of particulars (see Matter of Tiffany L., 294 AD2d 365; Fuchs v Midali Am. Corp., 260 AD2d 318; Matter of Jazel Dominique D., 209 AD2d 410; Matter of Raymond Anthony A., 192 AD2d 529; Allied Bldg. Prods. Corp. v Clarke, 187 AD2d 1036).
Finally, the court finds that the plaintiffs’ repeated defaults have significantly prejudiced the defendant (see Conch Assoc. v Mercury, Inc., 245 AD2d 538; cf. Cooper v Shepherd, 280 AD2d 337; I.J. Handa, P.C. v Imperato, 159 AD2d 484; Ehmer v Modernismo Publs., 120 AD2d 483).
Conclusion
For all of the reasons mentioned above, the court denies plaintiffs’ within motion to vacate the dismissal order of June 21, 2001.