Bodden v Penn-Attransco Corp. (2004 NY Slip Op 50021(U))

[*1]

Bodden v Penn-Attransco Corp.

2004 NY Slip Op 50021(U)

Decided on January 12, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 12, 2004

Supreme Court, Bronx County
 LINDO BODDEN, Plaintiff, 
against
PENN-ATTRANSCO CORP., Defendant.
Index No. 25849/1995

Dianne T. Renwick, J.
The following documents were considered in reviewing plaintiff's motion seeking to vacate the default and to restore the action:
PapersNumbered
Notice of Motion and Affirmation In Support of Motion1,2 (exhibits)
Memorandum of Law in Support of Motion3
Affidavit in Opposition to Motion4 (exhibits)
Memorandum of Law in Opposition5
Supplemental Memorandum of Law in Support 6
Supplemental Memorandum of Law in Opposition7
In 1995, plaintiff Lindo Bodden commenced this action seeking to recover money damages for personal injuries sustained while under the employment of defendant Penn-Atransco Corporation. In 1999, the court dismissed the action for the parties' failure to appear at a Status Conference. Four years later, plaintiff moves to vacate the default and to restore the action. The dispositive issue before this Court is whether counsel for plaintiff has presented compelling excuses for the default and the failure to promptly move to restore the action.
Factual Background
Plaintiff Lindo Bodden commenced this action in early 1995, alleging that he sustained various personal injuries, mostly to his back, on September 15, 1994, while employed by defendant Penn-Atransco Corporation as a seaman aboard a vessel called M/V Baltimore Trader. At the time of the accident, plaintiff had been operating the "winch control of a forty-year-old steamship." As he "exert[ed] maximum possible on the control," his "shoulder gave out on [him]" because of the alleged defective mechanism.
In October 1997, current counsel substituted the original counsel who commenced the action. On June 21, 1999, the Justice at the Status Conference (DeMarco) issued an order [*2]compelling plaintiff to file a Note of Issue or on before September 24, 1999. Failure to file the Note of Issue required the parties to appear in court for a Status Conference at the due date. Plaintiff did not file the Note of Issue by the specified date or at any other subsequent date. Nor did the parties appeared for the Status Conference scheduled for September 24, 1999. The Court then adjourned the case to October 22, 1999. On that date, the Court issued an order dismissing the action "[b]ased upon the parties failure to appear in court."
About four years later, in May 2003, counsel for plaintiff moved to vacate the dismissal and for the restoration of the action. As the excuse for the failure to appear at the Status Conference, counsel proffers that he did not receive notice of the scheduled dates for the Status Conference. Counsel for plaintiff, however, does not base this claim upon personal recollection; he surmises that he never received notice because former counsel never submitted a substitution of counsel form with the court and counsel for defendant claims that he never received it either. As the excuse for failing to timely move to restore the action, counsel for plaintiff, who is now 76-years old, avers a personal illness in the nature of a stroke, which reportedly took place in February 2000, and caused him to be hospitalized for 16 days. Plaintiff's treating physician reports that the stroke caused plaintiff "residual memory loss."

Discussion
Preliminarily, this Court reject's defendant's argument that the dismissal of the action took place in the case pursuant to CPLR §3216, which permits a want of prosecution dismissal after a plaintiff fails to comply with a 90-day demand to serve and file a Note of Issue. See, Polir Constr. v. Etingin, 297 A.D.2d 509 (1st Dept. 2002). To begin with, the 90-day demand, issued in the Order promulgated by the Justice presiding over the Status Conference on June 21, 1999, does not comply with CPLR 3216's notice requirement. The notice must warn that a failure to comply will produce a motion for a dismissal based upon CPLR §3216. See CPLR §3216(b). In this case, the 90-day notice simply states that failure to comply will require the parties to be present at a future Status Conference. More important, the order of dismissal clearly spells out the basis of the dismissal as the failure of both parties to appear at the Status Conference. Thus, the evidence is abundantly clear that the Justice at the Status Conference dismissed the case when the parties failed to appear for a calendar call of a Pre-Note-Of-Issue case.
Authority for the dismissal of an action based upon a plaintiff's failure to attend a court conference can be found in Section 202.27 of the Uniform Rules for Trial Courts (22 NYCRR § 202.27). Applicable to civil actions and proceedings in the Supreme Court, this rule provides as follows:

At any scheduled call of a calendar or at any conference, if all parties do not appear and proceed or announce their readiness to proceed immediately or subject to the engagement of counsel, the judge may note the default on the record and enter an order as follows: A. If the plaintiff appears but the defendant does not, the judge may grant judgment by default or order an inquest. B. If the defendant appears but the plaintiff does not, the judge may dismiss the action and may order a severance of counterclaims or cross-claims. C. If no party appears, the judge may make such order as appears just."
[*3]
When plaintiff in this case failed to appear at the September 24, 1999, Status Conference, the Supreme Court could have adjourned the case, ordered a conditional dismissal, dismissed the case outright pursuant to 22 NYCRR §202.27, or issued a 90-day notice pursuant to CPLR §3216. Fujah v. V-Manto Refinishing Corp, 192 Misc.2d 170 (Sup Ct. 2002). The Supreme Court Justice chose, instead, to dismiss the case outright. The failure to appear at a conference like a Status or Compliance Conference may not always warrant the drastic remedy of dismissal or the striking of an Answer, and alternate sanctions may suffice. Fujah v. V-Manto Refinishing Corp, supra, 192 Misc.2d 170. Nevertheless, there are instances, like in this case involving repeatedly failures to appear at a Status Conference, where defaults are the patterns, not the exception, and dismissal was mandated, at least in the judgment of the Justice presiding over the Status Conference .
Such a default should be treated consistently with what it is, "a serious failure to recognize the importance of the orderly disposition of cases." Basetti v. Nour, 287 A.D.2d 126, 134. See also, Lopez v. Imperial Delivery Serv., 282 A.D.2d 190, 196 (2nd Dept. 2001). Restoration of a case dismissed pursuant to 22 NYCRR §202.27 may be sought by motion pursuant to CPLR §5015(a)(1) (relief from judgment or order). Since CPLR §5015(a)(1) by its terms provides that such a motion be made within one year after service of the order or judgment entered upon the default, the delay in a case dismissed pursuant to 22 NYCRR 202.27 will ordinarily be at most one year. Of course, a court has the discretionary power to vacate a default even after the year has expired. See, e.g., State v. Kama, 267 A.D.2d 225 (vacating a default judgment in the interest of Justice, where defendant established a reasonable excuse for default and a meritorious defense). "But if the year has expired the excuse for the default had best be all the more compelling." Siegel, New York Prac §108, at 187 (3d ed).
In this case, plaintiff has arguably stated a meritorious cause of action through plaintiff's affidavit setting forth the details of his accident due to the alleged defective device and the extent of his injuries. No reasonable excuses, however, have been proffered for the default and the untimely motion for restoration. For instance, counsel has failed to convince this Court that he has a valid excuse for failing to attempt the Status Conference. Counsel claims that it was possible that he did not receive the notice because former counsel failed to submit the substitution of counsel form with the court. The attempt to shift blame to former counsel is specious because the substitution of counsel had taken place two years prior to the scheduled conference and current counsel had an independent duty to inform the court of his replacement of former counsel, as well as keeping himself abreast of the proceedings in the case. Similarly unavailing is current counsel's claim that it is possible that he did not receive notice because counsel for defendant also claims that he did not receive notice. Obviously, this claim is mere speculation since it is not based upon personal recollection. Bereft of any factual foundation, the claim of lack of notice of the scheduled Status Conferences is insufficient to constitute a valid excuse for the default. Cf. Eretz Funding v. Shalosh Assocs., 266 A.D.2d 184 (2nd Dept. 1999( (conclusory affirmation of the plaintiff's counsel was insufficient to establish an excusable default; Van Kleeck v. Horton Mem. Hosp., 251 A.D.2d 494 (2nd Dept. 1998) (same).
Nor has counsel for plaintiff offered any justifiable excuse for his inordinate delay in moving to restore the action. Counsel for plaintiff blames his delay to a personal illness, a stroke that caused him to be hospitalized for 16 days. While the illness of a counsel may constitute a [*4]reasonable excuse for a party's default in some cases, see e.g., Anderson v. Doten, 187 A.D.2d 893, 894 (3rd Dept. 1992); Chery v. Anthony, 156 A.D.2d 444 (2nd Dept. 1989), this Court does not find it a persuasive reason for counsel's four-year delay in making a motion to restore the action. Not only does the explanation fail to excuse the four-month delay prior to the stroke, but it fails to show a credible reason for the delay of four years in making the instant motion. Cf. In The Matter of Male J., 214 A.D.2d 417 (1st Dept. 1995); Teachers Insurance and Annuity Association of Maerica v. Code Beta Group, Inc, 202 A..D2d 193 (1st Dept. 1994). In fact, in his affidavit, plaintiff's treating physician fails to report that plaintiff had suffered any long term disability because of his stroke. Instead, the doctor reports that the stroke caused only "residual memory lost." Moreover, counsel for plaintiff should have addressed any long term effects of the stroke by either finding substitute counsel for plaintiff and/or appraising the court of his medical predicament. Ultimately, the failure to seek any assistance or substitution constitutes an inexcusable office failure. Cf. In The Matter of Male J., supra, 214 A.D.2d 417; Anderson v. Doten, supra, 187 A.D.2d 893.
While this Court empathizes with counsel's predicament, reportedly facing a legal malpractice claim based upon the dismissal of the present action, the Court cannot turn a blind eye and countenance the dilatory conduct of counsel for plaintiff and its deleterious effect upon the case. Plaintiff counsel's failure was part of a pattern of "repeated neglect" rather than an "isolated, inadvertent mistake." See, North Fork Bank v Martin, 257 A.D.2d 613, 613 (2nd Dept. 1999). A "pattern of willful default and neglect" should not be excused. See, Titan Realty Corp. v. Schlem, 283 A.D.2d 568, 568 (2nd Dept. 2001); Wynne v Wagner, 262 A.D.2d 556 (2nd Dept. 1999); Roussodimou v. Zafiriadis, 238 A.D.2d 568 (2nd Dept. 1987). The willful and contumacious character of plaintiff's default can be inferred from his noncompliance with court orders, coupled with inadequate excuses for these defaults. See, Kingsley v. Kantor, 265 A.D.2d 529 (2nd Dept. 1999). Moreover, in view of the lengthy delay in moving to restore, and the fact that more than nine years have passed since the alleged accident took place, this Court cannot conclude that the defendant would not be significantly prejudiced if the matter were to be restored to the trial calendar. Cf, Metral v. Bonifacio, __ A.D.2d __, 2003 N.Y. Slip. Op. 17970 (1st Dept. 2003); Buck v. Reed, 231 A.D.2d 821 (3rd Dept. 1996).

Conclusion
For the foregoing reasons, plaintiff's motion, seeking to vacate the dismissal of the action for failure to appear at a scheduled Status Conference, is denied. This constitutes the Decision and Order of the Court.
Bronx, New York Hon. Dianne T. Renwick, J.S.C.
Decision Date: January 12, 2004